ORIGINAL

FILED
DEC 03 2013
UNITED STATES BANKRUPTCY COURT
SAN JOSE, CALIFORNIA

William C. Milks, III (State Bar Number 114083)
Law Offices of William C. Milks, III
960 San Antonio Road, Suite 200A
Palo Alto, CA 94303
Tel.: (650) 930-6780
Fax: (650) 813-1805
Email: bmilks@sbcglobal.net

Attorneys for Defendants and
Third Party Claimants

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

*In re* CT DRIVES, LLC,

    Debtor.

___

FRED HJELMESET, Chapter 7 Trustee,

Plaintiff,

v.

WAYNE K. HIGASHI, individually and as Trustee of THE WAYNE K. HIGASHI TRUST and of THE HIGASHI FAMILY TRUST, aka THE HIGASHI FAMILY REVISED TRUST, aka the 2010 HIGASHI FAMILY TRUST; ROSE HIGASHI, individually and as Trustee of THE HIGASHI FAMILY TRUST, aka THE HIGASHI FAMILY REVISED TRUST, aka the 2010 HIGASHI FAMILY TRUST; INNOVATIVE TECHNOLOGIES LICENSING AND MANAGEMENT CORPORATION, a California corporation, dba Epilogics, dba The Epilogics Group; EPX, INC., a California corporation; ES DESIGN, LLC, a California limited liability company; THOMAS L. BAHRICK, an individual; BARRY N. YOUNG, an individual; ROBERT MARANGELL, an individual; PERISHO TOMBOR BROWN, PC, a California corporation; LANLOGIC, INC., a California corporation; and SPRULI, LLC, a California limited liability company,

Defendants and Third Party Claimants.

Case No. 11-60198 SLJ

Adv. No.: 13-05154

Chapter 7

**DEFENDANTS' ANSWER TO COMPLAINT FOR RECOVERY OF AVOIDABLE TRANSFERS, CONVERSION AND BREACH OF FIDUCIARY DUTY AND THIRD-PARTY CLAIMS**

[F.R.B.P. RULES 7007 and 7014]

Defendants and Third Party Claimants, Wayne K. Higashi, individually and as Trustee of The Wayne K. Higashi Trust and of The Higashi Family Trust, aka The Higashi Family Revised Trust, aka the 2010 Higashi Family Trust; ROSE HIGASHI, individually and as Trustee of The Higashi Family Trust, aka The Higashi Family Revised Trust, aka the 2010 Higashi Family Trust; Innovative Technologies Licensing and Management Corporation, dba Epilogics, dba The Epilogics Group; EPX, Inc.; ES Design, LLC; Thomas L. Bahrick; Barry N. Young; Robert Marangell; Perisho Tombor Brown, PC; Lanlogic, Inc., a California corporation; and Spruli, LLC, (collectively referred to herein as "Defendants" or "Third Party Claimants") respond to the Complaint for (1) Recovery of Avoidable Transfers; (2) Conversion; and (3) Breach of Fiduciary Duty, filed October 31, 2013 (the "Complaint") of Plaintiff Fred Hjelmeset, Chapter 7 Trustee, (referred to herein as "Plaintiff"), and as separate and affirmative thirty party claims, allege, as follows:

## ANSWER TO COMPLAINT

### JURISDICTION AND VENUE

1. Defendants lack sufficient information or belief concerning the allegations contained in Paragraph 1 of the Complaint and, basing their denial thereon, deny such allegations.

2. Defendants lack sufficient information or belief concerning the allegations contained in Paragraph 2 of the Complaint and, basing their denial thereon, deny such allegations.

3. Defendants lack sufficient information or belief concerning the allegations contained in Paragraph 3 of the Complaint and, basing their denial thereon, deny such allegations.

### PARTIES

4. Answering Paragraph 4 of the Complaint, Defendants admit the allegations of Paragraph 4 of the Complaint.

5. Answering Paragraph 5 of the Complaint, Defendants admit the allegations of Paragraph 5 of the Complaint.

6. Answering Paragraph 6 of the Complaint, Defendants admit that Wayne K. Higashi is currently a resident of the State of Hawaii. Except as so expressly admitted, Defendants lack sufficient information or belief concerning the allegations contained in Paragraph 6 of the Complaint and, basing their denial thereon, deny such allegations.

7. Answering Paragraph 7 of the Complaint, Defendants admit that Rose Higashi has been and is the spouse of Wayne K. Higashi. Except as so expressly admitted, Defendants lack

sufficient information or belief concerning the allegations contained in Paragraph 7 of the Complaint and, basing their denial thereon, deny such allegations.

8. Answering Paragraph 8 of the Complaint, Defendants deny the allegations of Paragraph 8 of the Complaint.

9. Answering Paragraph 9 of the Complaint, Defendants deny the allegations of Paragraph 9 of the Complaint.

10. Answering Paragraph 10 of the Complaint, Defendants admit that Innovative Technologies Licensing and Management Corporation is a California corporation. Except as so expressly admitted, Defendants lack sufficient information or belief concerning the allegations contained in Paragraph 10 of the Complaint and, basing their denial thereon, deny such allegations.

11. Answering Paragraph 11 of the Complaint, Defendants admit that ES Design, LLC is a California limited liability company. Except as so expressly admitted, Defendants lack sufficient information or belief concerning the allegations contained in Paragraph 11 of the Complaint and, basing their denial thereon, deny such allegations.

12. Answering Paragraph 12 of the Complaint, Defendants admit that EPX, Inc. is a dissolved California corporation. Except as so expressly admitted, Defendants lack sufficient information or belief concerning the allegations contained in Paragraph 12 of the Complaint and, basing their denial thereon, deny such allegations.

13. Answering Paragraph 13 of the Complaint, Defendants deny the allegations of Paragraph 13 of the Complaint.

14. Answering Paragraph 14 of the Complaint, Defendants admit the allegations of Paragraph 14 of the Complaint.

15. Answering Paragraph 15 of the Complaint, Defendants admit the allegations of Paragraph 15 of the Complaint.

16. Answering Paragraph 16 of the Complaint, Defendants deny the allegations of Paragraph 16 of the Complaint.

17. Answering Paragraph 17 of the Complaint, Defendants admit that Spruli, LLC is a California limited liability company. Except as so expressly admitted, Defendants lack sufficient information or belief concerning the allegations contained in Paragraph 17 of the Complaint and, basing their denial thereon, deny such allegations.

18. Answering Paragraph 18 of the Complaint, Defendants admit the allegations of Paragraph 18 of the Complaint.

19. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 18, inclusive, in response to the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 25, inclusive, in response to the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 32, inclusive, in response to the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 39, inclusive, in response to the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 47, inclusive, in response to the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 54, inclusive, in response to the allegations contained in Paragraph 55 of the Complaint.

56. Defendants lack sufficient information or belief concerning the allegations contained in Paragraph 56 of the Complaint and, basing their denial thereon, deny such allegations.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 61, inclusive, in response to the allegations contained in Paragraph 62 of the Complaint.

63. Defendants lack sufficient information or belief concerning the allegations contained in Paragraph 63 of the Complaint and, basing their denial thereon, deny such allegations.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 68, inclusive, in response to the allegations contained in Paragraph 69 of the Complaint.

70. Defendants lack sufficient information or belief concerning the allegations contained in Paragraph 70 of the Complaint and, basing their denial thereon, deny such allegations.

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 75, inclusive, in response to the allegations contained in Paragraph 76 of the Complaint.

77. Defendants lack sufficient information or belief concerning the allegations contained in Paragraph 77 of the Complaint and, basing their denial thereon, deny such allegations.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 82, inclusive, in response to the allegations contained in Paragraph 83 of the Complaint.

84. Defendants lack sufficient information or belief concerning the allegations contained in Paragraph 84 of the Complaint and, basing their denial thereon, deny such allegations.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 89, inclusive, in response to the allegations contained in Paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 93, inclusive, in response to the allegations contained in Paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97. Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 97, inclusive, in response to the allegations contained in Paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100. Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101. Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 101, inclusive, in response to the allegations contained in Paragraph 102 of the Complaint.

103. Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104. Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105. Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106. Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 106, inclusive, in response to the allegations contained in Paragraph 107 of the Complaint.

108. Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109. Defendants lack sufficient information or belief concerning the allegations contained in Paragraph 109 of the Complaint and, basing their denial thereon, deny such allegations.

110. Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111. Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 111, inclusive, in response to the allegations contained in Paragraph 111 of the Complaint.

113. Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114. Defendants deny the allegations contained in Paragraph 114 of the Complaint.

115. Defendants deny the allegations contained in Paragraph 115 of the Complaint.

116. Defendants deny the allegations contained in Paragraph 116 of the Complaint.

WHEREFORE, Defendants pray judgment as hereinafter set forth.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
[Failure to State a Claim]

The Complaint fails to state a claim upon which relief may be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE
[No Actionable Claim Exists]

Defendants did not commit the acts complained of in the Complaint.

### THIRD AFFIRMATIVE DEFENSE
[Estoppel]

Debtor is barred from relief by the equitable principles of promissory estoppel and equitable estoppel.

### FOURTH AFFIRMATIVE DEFENSE
[Mistakes of Fact]

Debtor is barred from relief by mutual or unilateral mistakes of fact by Debtor and Defendants when entering into any purported agreement alleged in the Complaint between

Debtor and Defendants or taking any action or failing to take any action alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE
[Statute of Frauds]

Debtor is barred from relief by reason of the statute of frauds, codified in part in California Civil Code section 1624 and California Code of Civil Procedure section 1971.

### SIXTH AFFIRMATIVE DEFENSE
[No Improper Conversion of Chattel]

Debtor is barred from relief because Debtor was neither the owner, nor entitled to possession of the chattel, which is the subject of the Complaint, and there was no improper conversion of a chattel or money specifically designated for a particular purpose by Defendants.

### SEVENTH AFFIRMATIVE DEFENSE
[Set-Off]

Debtor is barred from relief because of the principle of set-off.

### EIGHTH AFFIRMATIVE DEFENSE
[Damages too Speculative]

Debtor is barred from relief because the damages sustained by Debtor, if any, are too speculative.

### NINTH AFFIRMATIVE DEFENSE
[Waiver]

Debtor's Complaint is barred by the Doctrine of Waiver.

### TENTH AFFIRMATIVE DEFENSE
[Accord and Satisfaction]

Debtor is barred from relief based on the principle of accord and satisfaction.

### ELEVENTH AFFIRMATIVE DEFENSE
[Statute of Limitations]

Debtor's claims are barred by the applicable statutes of limitation.

## TWELFTH AFFIRMATIVE DEFENSE
[Failure to exhaust remedies]

Debtor failed to exhaust remedies provided by contract.

## THIRTEENTH AFFIRMATIVE DEFENSE
[Consent]

Debtor consented to the acts complained of.

## FOURTEENTH AFFIRMATIVE DEFENSE
[Failure to Mitigate]

Debtor failed to mitigate the amount of its damages. The damages claimed by Debtor could have been mitigated by due diligence on its part or by one acting under similar circumstances. The Debtor's failure to mitigate is a bar to its recovery under the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE
[Additional Affirmative Defenses]

Defendants have insufficient knowledge or information upon which to form a belief as to whether they may have additional as yet unstated affirmative defenses available to them. Defendants therefore reserve the right to assert additional affirmative defenses in the event discovery indicates they are available.

WHEREFORE, Defendants pray judgment as hereinafter set forth.

## **THIRD PARTY CLAIMS**

Defendants and Third Party Claimants, for their third party claims against Third Party Defendants, Connard Cali and Conntechnical Industries, Inc., allege as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction of the following third party claims pursuant to 28 U.S.C. § 1334.

2. The third party claims are brought pursuant to Rule 7014 of the Federal Rules of Bankruptcy Procedure.

3. Venue is proper pursuant to 28 U.S.C. § 1409, inasmuch as the third party claims arise under and in connection with a case under the Bankruptcy Code which is pending in this District.

PARTIES

4. Defendants, Wayne K. Higashi, The Higashi Family Trust, Innovative Technologies Licensing and Management Corporation, Thomas L. Bahrick, Barry N. Young, Robert Marangell, Trustee for The Marangell Living Trust, Perisho Tombor Brown, PC, and Lanlogic, Inc., are listed as secured creditors of Debtor.

5. Connard Cali ("Cali") is an individual who resides in this District. Cali is a former employee of Debtor and is listed as a general unsecured creditor of Debtor.

6. Conntechnical Industries, Inc. ("Conntechnical") is a California corporation having its principal place of business in this District. Conntechnical is a member and is also listed as an unsecured creditor of Debtor. Cali is the President of Conntechnical.

7. Debtor was formed in or about July 2008 to develop and commercialize an "active" pulley to connect alternators to engine drive belts in automobiles and trucks.

8. The "active" elements in the pulley design help reduce vibration and noises caused by the high inertia of alternator rotors interacting with the non-uniform speed of internal combustion engines.

9. Debtor developed proprietary know-how regarding its unique technologies for the "active" pulley.

10. Cali, the president of Conntechnical, was a co-founder and, prior to August 2010, was a principal of Debtor and was directly involved in the management of Debtor and intimately familiar with the operations of Debtor, having directed or participated in the inception of every process and procedure for Debtor.

11. In 2008, Cali recruited Wayne K. Higashi to start up Debtor and serve as the Manager of Debtor.

12. During the start-up of Debtor, Cali promoted his network of associates in Brazil, including a contract manufacturer named Rolm. Cali obtained special concessions from Rolm including 270-day payment terms for the two most expensive components of the initial product of Debtor, a pulley developed for the automotive aftermarket. By purchasing these components (the pulley body and shaft which together comprised more than half the cost of the final product)

through Cali's associates, Debtor planned to finance its growth using its accounts payable and bypass more expensive alternatives of raising equity capital.

13. Debtor's plan to generate working capital through its accounts payable failed, because Cali's associates in Brazil did not deliver acceptable components for the timely production of pulleys against pending orders. Within months, Debtor's payables to Cali's associates (through Conntechnical, whose credit was used to obtain the favorable terms) approached $250,000.

14. With product deliveries delayed due to the poor quality of the components needed to produce Debtor's pulleys, Debtor was forced to abandon Cali's associates in favor of a more reliable source of component supply.

15. In March 2011, Debtor obtained equity financing from outside investors in order to meet working capital requirements through July 2011, because Debtor's contract manufacturer, Automotive Import Manufacturing (AIM) had informed Debtor that it would discontinue royalty payments for four months to "work off excess inventory".

16. In July 2011, AIM notified Debtor that it would not honor its temporary licensing agreement with Debtor but that it would continue supplying Debtor's customer, Motorcar Parts of America (MPA), without paying royalties to Debtor.

17. In collaboration with Cali and/or Conntechnical, AIM misappropriated Debtor's engineering designs, production processes and procedures (and tooling designs) (collectively "Debtor's Proprietary Technology and Know-How"), as well as Debtor's suppliers and vendors, secure in their belief that Debtor could not afford to take legal action against them.

18. Debtor filed for Chapter 11 Bankruptcy Protection because Cali, through Conntechnical, worked with its only customer, AIM, to put Debtor out of business by misappropriating Debtor's Proprietary Technology and Know-How, as well as Debtor's suppliers and vendors.

19. Debtor's losses were proximately caused by the acts of Cali and/or Conntechnical. While Debtor has booked $1,734,000 in losses since its inception, $1,122,000 (66%) of the losses were recorded while Cali was actively participating in the management of Debtor prior to his resignation in August 2010. The primary reason for Debtor's losses prior to Cali's departure was the defective product that was delivered by Debtor's Brazilian suppliers, Cali's family and personal contacts and thus Debtor's losses were primarily the result of Cali's actions, the result

of following his advice and the resulting engineering and supply relationships that proved disastrous for Debtor in its early and most vulnerable startup phase.

20. On information and belief, Cali and/or Conntechnical have entered into and currently have an arrangement for payment of royalties or other consideration by AIM and/or MPA to Cali and/or Conntechnical or other entity controlled by Cali derived from continuing unauthorized use of Debtor's Proprietary Technology and Know-How, as well as Debtor's suppliers and vendors since July 2011.

### FIRST CLAIM FOR RELIEF
### [BREACH OF OPERATING AGREEMENT]

21. Debtor and Third Party Claimants incorporate herein by reference each and every allegation contained in Paragraphs 1 through 20, inclusive, above.

22. Debtor has performed all of the conditions and covenants required to be performed by Debtor pursuant to the Operating Agreement of Debtor, except those that have been excused by Cali's and Conntechnical's material breach of contract as herein alleged.

23. Cali and Conntechnical have breached the Operating Agreement of Debtor by securing unto himself/itself the benefits of the enterprise for which the Debtor was formed, to the economic disadvantage of Debtor, Defendants as secured creditors and the other creditors of Debtor, by misappropriating Debtor's Proprietary Technology and Know-How, as well as Debtor's suppliers and vendors.

24. Cali and Conntechnical have further breached the Operating Agreement of Debtor by failing to pay the royalties that AIM and/or MPA should have paid and should continue to pay to Debtor, in an unascertained amount. Debtor and Third Party Claimants will amend this third party claim when said amount has been ascertained.

WHEREFORE, Debtor and Third Party Claimants pray judgment as hereinafter set forth.

### SECOND CLAIM FOR RELIEF
### [BREACH OF FIDUCIARY DUTY]

25. Debtor and Third Party Claimants incorporate herein by reference each and every allegation contained in Paragraphs 1 through 24, inclusive, above.

26. Debtor and Third Party Claimants are informed and believe that the misappropriation of Debtor's Proprietary Technology and Know-How, as well as Debtor's suppliers and vendors, and failure to pay the royalties that AIM and/or MPA should have paid

and should continue to pay to Debtor, as alleged hereinabove, have severely deepened Debtor's insolvency, to the detriment of Debtor and Third Party Claimants.

27. Cali and Conntechnical owed fiduciary duties to Debtor, including the duty of loyalty and the duty of care.

28. Cali and Conntechnical breached such fiduciary duties by misappropriating Debtor's Proprietary Technology and Know-How, as well as Debtor's suppliers and vendors, and failing to pay the royalties that AIM and/or MPA should have paid and should continue to pay to Debtor, and by deepening Debtor's insolvency.

29. Cali's and Conntechnical's misappropriation of Debtor's Proprietary Technology and Know-How, as well as Debtor's suppliers and vendors, and failure to pay the royalties that AIM and/or MPA should have paid and should continue to pay to Debtor were made intentionally, maliciously, fraudulently and/or oppressively, with a willful and conscious disregard of the rights of Debtor and Third Party Claimants, so as to constitute oppression, fraud and/or malice for purposes of California Civil Code Section 3294. Therefore, Debtor and Third Party Claimants are entitled to recover punitive and exemplary damages against Cali and Conntechnical.

WHEREFORE, Debtor and Third Party Claimants pray judgment as hereinafter set forth.

### THIRD CLAIM FOR RELIEF
### [CONVERSION]

30. Debtor and Third Party Claimants incorporate herein by reference each and every allegation contained in Paragraphs 1 through 29, inclusive, above.

31. The acts and conduct of Cali and Conntechnical, as herein alleged, constitute conversion within the meaning of California Civil Code § 3336.

32. As a proximate result of the conversion by Cali and Conntechnical, Debtor and Third Party Claimants are entitled to the value of the property converted, according to proof, with interest thereon, at the legal rate from the date of such conversion.

33. Debtor and Third Party Claimants are further entitled to recover from Cali and Conntechnical, damages for the time and money properly expended in pursuit of the converted property, according to proof.

WHEREFORE, Debtor and Third Party Claimants pray judgment as hereinafter set forth.

## FOURTH CLAIM FOR RELIEF
### [CONSTRUCTIVE TRUST]

34. Debtor and Third Party Claimants incorporate herein by reference each and every allegation contained in Paragraphs 1 through 33, inclusive, above.

35. Cali and Conntechnical have failed to pay the royalties that AIM and/or MPA should have paid and should continue to pay to Debtor, in an unascertained amount, such that a constructive trust should be imposed on the royalties received and to be received and have instead diverted those royalties to himself/itself. Debtor and Third Party Claimants will amend this third party claim when said amount has been ascertained.

WHEREFORE, Debtor and Third Party Claimants pray judgment as hereinafter set forth.

## FIFTH CLAIM FOR RELIEF
### [UNJUST ENRCHMENT]

36. Debtor and Third Party Claimants incorporate herein by reference each and every allegation contained in Paragraphs 1 through 35, inclusive, above.

37. Cali and Conntechnical have failed to pay the royalties that AIM and/or MPA should have paid and should continue to pay to Debtor, in an unascertained amount, and have thereby been unjustly enriched to the economic disadvantage of Debtor and Third Party Claimants by diverting those royalties to himself/itself. Debtor and Third Party Claimants will amend this third party claim when said amount has been ascertained.

WHEREFORE, Debtor and Third Party Claimants pray for judgment as follows:

1. That Plaintiff take nothing by the Complaint;
2. That Debtor and Defendants recover their costs of suit herein;
3. That the Complaint be dismissed with prejudice;
4. That the Court award Debtor and Defendants and Third Party Claimants their reasonable attorneys' fees and costs;
5. For damages for breach of the Operating Agreement by Cali and Conntechnical according to proof, together with interest thereon at the legal rate;
6. For damages for breach of fiduciary duty by Cali and Conntechnical according to proof as well as punitive and exemplary damages, together with interest thereon at the legal rate;

7. For the value of Debtor's personal property converted by Cali and Conntechnical, according to proof;

8. For damages for the time and money properly expended in pursuit of recovery of the converted property from Cali and Conntechnical;

9. For an accounting by Cali and Conntechnical and a constructive trust for the royalties paid to by Cali and Conntechnical;

10. For damages for unjust enrichment and disgorgement of monies or other consideration received by Cali and Conntechnical according to proof, together with interest thereon at the legal rate;

11. For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants and Third Party Claimants hereby demand a trial by jury on all issues triable as a matter of right to a jury.

Dated: 12/02/2013

/s/ William C. Milks, III
William C. Milks, III
Law Offices of William C. Milks, III
960 San Antonio Road, Suite 200A
Palo Alto, CA 94303
Tel.: (650) 930-6780
Fax: (650) 813-1805
Email: bmilks@sbcglobal.net

Attorneys for Defendants and Third Party Claimants