ORIGINAL

1  William C. Milks, III (State Bar Number 114083)
2  Law Offices of William C. Milks, III
   960 San Antonio Road, Suite 200A
3  Palo Alto, CA  94303
   Tel.:  (650) 930-6780
4  Fax:  (650) 813-1805
   Email: bmilks@sbcglobal.net
5
6  Attorneys for Defendants and
   Third Party Plaintiffs
7

**FILED**

DEC 1 6 2013

CLERK
United States Bankruptcy Court
San Jose, California

8  **IN THE UNITED STATES BANKRUPTCY COURT**
   **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9  **SAN JOSE DIVISION**

10

11  *In re* CT DRIVES, LLC,

      Debtor.

12

13  FRED HJELMESET, Chapter 7 Trustee,

14  Plaintiff,

15  v.

16  WAYNE K. HIGASHI, *et al.*,

      Defendants.

17

18  WAYNE K. HIGASHI, individually and as Trustee of
    THE HIGASHI FAMILY TRUST; INNOVATIVE
19  TECHNOLOGIES LICENSING AND
    MANAGEMENT CORPORATION, a California
20  corporation; THOMAS L. BAHRICK, an individual;
    BARRY N. YOUNG, an individual; ROBERT
21  MARANGELL, an individual; PERISHO TOMBOR
    BROWN, PC, a California corporation; and
22  LANLOGIC, INC., a California corporation,

23  Third Party Plaintiffs,

24  v.

25  CONNARD CALI, and individual; and
26  CONNTECHNICAL INDUSTRIES, INC., a California
    Corporation,
27
28  Third Party Defendants.

Case No. 11-60198 SLJ

Adv. No.: 13-05154

Chapter 7

**DEFENDANTS' THIRD PARTY
CLAIMS FOR BREACH OF
OPERATING AGREEMENT,
BREACH OF FIDUCIARY
DUTY, CONVERSION, AND
UNJUST ENRCHMENT**

**[F.R.B.P. RULE 7014]**

1

Defendants and Third Party Plaintiffs, Wayne K. Higashi, individually and as Trustee of The Higashi Family Trust; Innovative Technologies Licensing and Management Corporation; Thomas L. Bahrick; Barry N. Young; Robert Marangell; Perisho Tombor Brown, PC; and Lanlogic, Inc., a California corporation (collectively referred to herein as "Defendants" or "Third Party Plaintiffs"), as affirmative thirty party claims, allege, as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction of the following third party claims pursuant to 28 U.S.C. § 1334.

2. The third party claims are brought pursuant to Rule 7014 of the Federal Rules of Bankruptcy Procedure.

3. Venue is proper pursuant to 28 U.S.C. § 1409, inasmuch as the third party claims arise under and in connection with a case under the Bankruptcy Code which is pending in this District.

PARTIES

4. Defendants, Wayne K. Higashi, The Higashi Family Trust, Innovative Technologies Licensing and Management Corporation, Thomas L. Bahrick, Barry N. Young, Robert Marangell, Trustee for The Marangell Living Trust, Perisho Tombor Brown, PC, and Lanlogic, Inc., are listed as secured creditors of Debtor.

5. Connard Cali ("Cali") is an individual who resides in this District. Cali is a former employee of Debtor and is listed as a general unsecured creditor of Debtor.

6. Conntechnical Industries, Inc. ("Conntechnical") is a California corporation having its principal place of business in this District. Conntechnical is a member and is also listed as an unsecured creditor of Debtor. Cali is the President of Conntechnical.

7. Debtor was formed in or about July 2008 to develop and commercialize an "active" pulley to connect alternators to engine drive belts in automobiles and trucks.

8. The "active" elements in the pulley design help reduce vibration and noises caused by the high inertia of alternator rotors interacting with the non-uniform speed of internal combustion engines.

9. Debtor developed proprietary know-how regarding its unique technologies for the "active" pulley ("Debtor's Intellectual Property").

Case: 13-05154    Doc# 15    Filed: 12/16/13    Entered: 12/19/13 12:44:55    Page 2 of 8
Adv. No. 13-05154                                                      DEFENDANTS' THIRD PARTY CLAIMS

10. Cali, the president of Conntechnical, was a co-founder and, prior to August 2010, was a principal of Debtor and was directly involved in the management of Debtor and intimately familiar with the operations of Debtor, having directed or participated in the inception of every process and procedure for Debtor.

11. In 2008, Cali recruited Wayne K. Higashi to start up Debtor and serve as the Manager of Debtor.

12. During the start-up of Debtor, Cali promoted his network of associates in Brazil, including a contract manufacturer named Rolm. Cali obtained special concessions from Rolm including 270-day payment terms for the two most expensive components of the initial product of Debtor, a pulley developed for the automotive aftermarket. By purchasing these components (the pulley body and shaft which together comprised more than half the cost of the final product) through Cali's associates, Debtor planned to finance its growth using its accounts payable and bypass more expensive alternatives of raising equity capital.

13. Debtor's plan to generate working capital through its accounts payable failed, because Cali's associates in Brazil did not deliver acceptable components for the timely production of pulleys against pending orders. Within months, Debtor's payables to Cali's associates (through Conntechnical, whose credit was used to obtain the favorable terms) approached $250,000.

14. With product deliveries delayed due to the poor quality of the components needed to produce Debtor's pulleys, Debtor was forced to abandon Cali's associates in favor of a more reliable source of component supply.

15. Without authorization of Debtor, Cali and a Brazilian associate caused to be filed U.S. provisional application No. 61/334, 847 on or about May 14, 2010; U.S. provisional application No. 61/366, 374 on or about July 21 2010; and U.S. provisional application No. 61/419, 052 on or about December 2, 2010 respecting Debtor's Intellectual Property. Based at least in part on those provisional applications, Cali and his Brazilian associate have caused to be filed without authorization of Debtor applications for patent including, but not limited to, U.S. Application No. 13/107,324 filed on or about May 13, 2011, which issued as U.S. Patent No. 8,292,766 on October 23, 2012; U.S. Application No. 13/343,257 filed on or about January 4, 2012; and International Application Number PCT/US2011/036466 filed on or about May 13, 2011. Cali has failed to assign all right, title, and interest in the patent and patent applications to

3

debtor and has misappropriated Debtor's Intellectual Property for his own benefit and/or the benefit of Conntechnical.

16. In March 2011, Debtor obtained equity financing from outside investors in order to meet working capital requirements through July 2011, because Debtor's contract manufacturer, Automotive Import Manufacturing (AIM) had informed Debtor that it would discontinue royalty payments for four months to "work off excess inventory".

17. In July 2011, AIM notified Debtor that it would not honor its temporary licensing agreement with Debtor but that it would continue supplying Debtor's customer, Motorcar Parts of America (MPA), without paying royalties to Debtor.

18. In collaboration with Cali and/or Conntechnical, AIM misappropriated Debtor's engineering designs, production processes and procedures (and tooling designs) (collectively "Debtor's Proprietary Technology and Know-How"), as well as Debtor's suppliers and vendors, secure in their belief that Debtor could not afford to take legal action against them.

19. Debtor filed for Chapter 11 Bankruptcy Protection because Cali, through Conntechnical, worked with its only customer, AIM, to put Debtor out of business by misappropriating Debtor's Intellectual Property and Debtor's Proprietary Technology and Know-How, as well as Debtor's suppliers and vendors.

20. Debtor's losses were proximately caused by the acts of Cali and/or Conntechnical. While Debtor has booked $1,734,000 in losses since its inception, $1,122,000 (66%) of the losses were recorded while Cali was actively participating in the management of Debtor prior to his resignation in August 2010. The primary reason for Debtor's losses prior to Cali's departure was the defective product that was delivered by Debtor's Brazilian suppliers, Cali's family and personal contacts, and thus Debtor's losses were primarily the result of Cali's actions, the result of following his advice and the resulting engineering and supply relationships that proved disastrous for Debtor in its early and most vulnerable startup phase.

21. On information and belief, Cali and/or Conntechnical have entered into and currently have an arrangement for payment of royalties or other consideration by AIM and/or MPA to Cali and/or Conntechnical or other entity controlled by Cali derived from continuing unauthorized use of Debtor's Intellectual Property and Debtor's Proprietary Technology and Know-How, as well as Debtor's suppliers and vendors, since July 2011.

//

//

Adv. No. 13-05154                                                    DEFENDANTS' THIRD PARTY CLAIMS

## FIRST CLAIM FOR RELIEF
### [BREACH OF OPERATING AGREEMENT]

22. Debtor and Third Party Plaintiffs incorporate herein by reference each and every allegation contained in Paragraphs 1 through 21, inclusive, above.

23. Debtor has performed all of the conditions and covenants required to be performed by Debtor pursuant to the Operating Agreement of Debtor, except those that have been excused by Cali's and Conntechnical's material breach of contract as herein alleged.

24. Cali and Conntechnical have breached the Operating Agreement of Debtor by securing unto himself/itself the benefits of the enterprise for which the Debtor was formed, to the economic disadvantage of Debtor, Defendants as secured creditors and the other creditors of Debtor, by misappropriating Debtor's Intellectual Property and Debtor's Proprietary Technology and Know-How, as well as Debtor's suppliers and vendors.

25. Cali and Conntechnical have further breached the Operating Agreement of Debtor by failing to pay the royalties that AIM and/or MPA should have paid and should continue to pay to Debtor, in an unascertained amount. Debtor and Third Party Plaintiffs will amend this third party claim when said amount has been ascertained.

WHEREFORE, Debtor and Third Party Plaintiffs pray judgment as hereinafter set forth.

## SECOND CLAIM FOR RELIEF
### [BREACH OF FIDUCIARY DUTY]

26. Debtor and Third Party Plaintiffs incorporate herein by reference each and every allegation contained in Paragraphs 1 through 25, inclusive, above.

27. Debtor and Third Party Plaintiffs are informed and believe that the misappropriation of Debtor's Intellectual Property and Debtor's Proprietary Technology and Know-How, as well as Debtor's suppliers and vendors, and failure to pay the royalties that AIM and/or MPA should have paid and should continue to pay to Debtor, as alleged hereinabove, have severely deepened Debtor's insolvency, to the detriment of Debtor and Third Party Plaintiffs.

28. Cali and Conntechnical owed fiduciary duties to Debtor, including the duty of loyalty and the duty of care.

29. Cali and Conntechnical breached such fiduciary duties by misappropriating Debtor's Intellectual Property and Debtor's Proprietary Technology and Know-How, as well as Debtor's suppliers and vendors, and failing to pay the royalties that AIM and/or MPA should have paid and should continue to pay to Debtor, and by deepening Debtor's insolvency.

Case: 13-05154    Doc# 15    Filed: 12/16/13    Entered: 12/19/13 12:44:55    Page 5 of 8
Adv. No. 13-05154                                                              DEFENDANTS' THIRD PARTY CLAIMS

30.     Cali's and Conntechnical's misappropriation of Debtor's Intellectual Property and Debtor's Proprietary Technology and Know-How, as well as Debtor's suppliers and vendors, and failure to pay the royalties that AIM and/or MPA should have paid and should continue to pay to Debtor were made intentionally, maliciously, fraudulently and/or oppressively, with a willful and conscious disregard of the rights of Debtor and Third Party Plaintiffs, so as to constitute oppression, fraud and/or malice for purposes of California Civil Code Section 3294. Therefore, Debtor and Third Party Plaintiffs are entitled to recover punitive and exemplary damages against Cali and Conntechnical.

WHEREFORE, Debtor and Third Party Plaintiffs pray judgment as hereinafter set forth.

### THIRD CLAIM FOR RELIEF
### [CONVERSION]

31.     Debtor and Third Party Plaintiffs incorporate herein by reference each and every allegation contained in Paragraphs 1 through 30, inclusive, above.

32.     The acts and conduct of Cali and Conntechnical, as herein alleged, constitute conversion within the meaning of California Civil Code § 3336.

33.     As a proximate result of the conversion by Cali and Conntechnical, Debtor and Third Party Plaintiffs are entitled to the value of the property converted, according to proof, with interest thereon, at the legal rate from the date of such conversion.

34.     Debtor and Third Party Plaintiffs are further entitled to recover from Cali and Conntechnical, damages for the time and money properly expended in pursuit of the converted property, according to proof.

WHEREFORE, Debtor and Third Party Plaintiffs pray judgment as hereinafter set forth.

### FOURTH CLAIM FOR RELIEF
### [CONSTRUCTIVE TRUST]

35.     Debtor and Third Party Plaintiffs incorporate herein by reference each and every allegation contained in Paragraphs 1 through 34, inclusive, above.

36.     Cali and Conntechnical have failed to pay the royalties that AIM and/or MPA should have paid and should continue to pay to Debtor, in an unascertained amount, and have instead diverted those royalties to himself/itself such that a constructive trust should be imposed on the royalties received and to be received. Debtor and Third Party Plaintiffs will amend this third party claim when said amount has been ascertained.

WHEREFORE, Debtor and Third Party Plaintiffs pray judgment as hereinafter set forth.

FIFTH CLAIM FOR RELIEF
[UNJUST ENRCHMENT]

37.     Debtor and Third Party Plaintiffs incorporate herein by reference each and every allegation contained in Paragraphs 1 through 36, inclusive, above.

38.     Cali and Conntechnical have failed to pay the royalties that AIM and/or MPA should have paid and should continue to pay to Debtor, in an unascertained amount, and have thereby been unjustly enriched to the economic disadvantage of Debtor and Third Party Plaintiffs by diverting those royalties to himself/itself.  Debtor and Third Party Plaintiffs will amend this third party claim when said amount has been ascertained.

WHEREFORE, Debtor and Third Party Plaintiffs pray for judgment as follows:

1.     That Plaintiff take nothing by the Complaint;

2.     That Debtor and Defendants recover their costs of suit herein;

3.     That the Complaint be dismissed with prejudice;

4.     That the Court award Debtor and Defendants and Third Party Plaintiffs their reasonable attorneys' fees and costs;

5.     For damages for breach of the Operating Agreement by Cali and Conntechnical in excess of $1,122,000 according to proof, together with interest thereon at the legal rate;

6.     For damages for breach of fiduciary duty by Cali and Conntechnical according to proof as well as punitive and exemplary damages, together with interest thereon at the legal rate;

7.     For the value of Debtor's personal property converted by Cali and Conntechnical, according to proof;

8.     For damages for the time and money properly expended in pursuit of recovery of the converted property from Cali and Conntechnical;

9.     For assignment to Debtor of any and all patents and patent applications respecting Debtor's Intellectual Property and the costs for effecting such assignments;

10.    For an accounting by Cali and Conntechnical and a constructive trust for the royalties paid to by Cali and Conntechnical;

11.    For damages for unjust enrichment and disgorgement of monies or other consideration received by Cali and Conntechnical according to proof, together with interest thereon at the legal rate;

7

Adv. No. 13-05154                                                    DEFENDANTS' THIRD PARTY CLAIMS

12. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants and Third Party Plaintiffs hereby demand a trial by jury on all issues triable as a matter of right to a jury.


Dated: _____12/16/2013_____                    _William C. milks, III_
                                                  William C. Milks, III
                                                  Law Offices of William C. Milks, III
                                                  960 San Antonio Road, Suite 200A
                                                  Palo Alto, CA 94303
                                                  Tel.: (650) 930-6780
                                                  Fax: (650) 813-1805
                                                  Email: bmilks@sbcglobal.net

                                                  Attorneys for Defendants and Third
                                                  Party Plaintiffs

8

Adv. No. 13-05154                                          DEFENDANTS' THIRD PARTY CLAIMS