Peter C. Bronson, Cal. Bar No. 60669
LAW OFFICES OF PETER C. BRONSON
A Professional Corporation
770 L Street, Suite 950
Sacramento, California 95814
Telephone: (916) 444-1110
Facsimile: (916) 361-6046

Special Counsel for Plaintiff and Movant
Fred Hjelmeset, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>CT DRIVES, LLC,<br><br>Debtor. | Case No. 11-60198 SLJ<br><br>Adv. No. 13-05154<br><br>Chapter 7 |
| FRED HJELMESET, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>WAYNE K. HIGASHI, individually and as Trustee of THE WAYNE K. HIGASHI TRUST and of THE HIGASHI FAMILY TRUST, aka THE HIGASHI FAMILY REVISED TRUST, aka the 2010 HIGASHI FAMILY TRUST; ROSE HIGASHI, individually and as Trustee of THE HIGASHI FAMILY TRUST, aka THE HIGASHI FAMILY REVISED TRUST, aka the 2010 HIGASHI FAMILY TRUST; INNOVATIVE TECHNOLOGIES LICENSING AND MANAGEMENT CORPORATION, a California corporation, dba Epilogics, dba The Epilogics Group; EPX, INC., a California corporation; ES DESIGN, LLC, a California limited liability company; THOMAS L. BAHRICK, an individual; BARRY N. YOUNG, an individual; ROBERT MARANGELL, an individual; PERISHO TOMBOR BROWN, PC, a California corporation; LANLOGIC, INC., a California corporation; and SPRULI, LLC, a California limited liability company,<br><br>Defendants. | **MOTION BY PLAINTIFF FRED HJELMESET, CHAPTER 7 TRUSTEE, TO DISMISS DEFENDANTS' THIRD PARTY CLAIMS FOR BREACH OF OPERATING AGREEMENT, BREACH OF FIDUCIARY DUTY, CONVERSION, AND UNJUST ENRICHMENT**<br><br>[Fed.R.Bankr.P. 7012(b)]<br><br>Date: March 31, 2014<br>Time: 1:30 p.m.<br>Place: United States Courthouse<br>　　　 280 South First Street<br>　　　 Courtroom 3099<br>　　　 San Jose, CA 95113<br>Judge: Hon. Stephen L. Johnson |

WAYNE K. HIGASHI, individually and as Trustee of THE HIGASHI FAMILY TRUST; INNOVATIVE TECHNOLOGIES LICENSING AND MANAGEMENT CORPORATION, a California corporation; THOMAS L. BAHRICK, an individual; BARRY N. YOUNG, an individual; ROBERT MARANGELL, an individual; PERISHO TOMBOR BROWN, PC, a California corporation; and LANLOGIC, INC., a California corporation,

                Third Party Plaintiffs,

   v.

CONNARD CALI, an individual, and CONNTECHNICAL INDUSTRIES, INC., a California corporation,

                Third Party Defendants.

TO ALL INTERESTED PARTIES:

Plaintiff Fred Hjelmeset, Chapter 7 Trustee (the "Trustee"), hereby moves to dismiss the "Third Party Claims [*sic*] for Breach of Operating Agreement, Breach of Fiduciary Duty, Conversion, and Unjust Enrichment" (the "Third Party Complaint") which counsel for the defendants in this adversary proceeding has purported to file on behalf of (a) debtor CT Drives, LLC ("Debtor") and some of the defendants ("Third Party Plaintiffs") in this adversary proceeding.

The Motion is made pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (made applicable by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure) on the grounds that the Third Party Plaintiffs lack standing to sue and that none of the purported claims for relief set forth in the Third Party Complaint states a claim upon which relief can be granted. Specifically:

1.     The purported First Claim for Relief in the Third Party Complaint alleges, on behalf of "Debtor and Third Party Plaintiffs", that third party defendants Connard Cali ("Cali") and Conntechnical Industries, Inc. ("Conntechnical") have breached Debtor's Operating Agreement. This Claim should be dismissed because:

PLAINTIFF'S MOTION TO DISMISS THIRD PARTY COMPLAINT
2

    a. Any claim for breach of the Operating Agreement belongs to Debtor. The Third Party Plaintiffs have no standing to sue anyone on behalf of the Debtor.

    b. The Third Party Plaintiffs allege that they are secured creditors of the Debtor. However, a creditor has no standing to sue for alleged breach of a contract between the Debtor and a third party.

    c. The Third Party Complaint is brought pursuant to Fed.R.Civ.P. 14(a)(1), made applicable by Fed.R.Bankr.P. 7014. A defendant can prosecute a third party complaint only against "a nonparty who is or may be liable to [the defendant] for all or part of the claim against it." The Third Party Complaint does not even attempt to allege that Cali and Conntechnical may be liable to the Third Party Plaintiffs "for all or part of the claim against" them.

    d. In any event, the Third Party Complaint neither attaches the Operating Agreement nor describes its material terms; nor are any facts alleged to explain any alleged breach of the agreement.

    e. The filing and prosecution of the Third Party Complaint violates the automatic stay of 11 U.S.C. § 362(a)(3).

2. The purported Second Claim for Relief alleges, again on behalf of Debtor and a selected group of defendants, that Cali and Conntechnical misappropriated intellectual property and technology of the Debtor, and failed to pay royalties to Debtor. The Claim seeks damages (including punitive damages) in favor of Debtor and the selected group of creditors. This Claim fails because because only the Trustee has standing to bring it. Individual creditors cannot sue for damages on behalf of a Chapter 7 debtor, or obtain damages for themselves, on a claim that is owned exclusively by the Trustee. In addition, as with the First Claim for Relief, the Second Claim fails to comply with the pleading requirements of Fed.R.Civ.P. 14(a)(1), and violates the automatic stay.

3. The purported Third Claim for Relief alleges that Cali and/or Conntechnical converted assets of the Debtor. This Claim, as well as the purported Fourth Claim for Relief for imposition of a constructive trust and Fifth Claim for Relief for unjust enrichment, likewise fail for the same reasons set forth above with regard to the First and Second Claims for Relief.

PLAINTIFF'S MOTION TO DISMISS THIRD PARTY COMPLAINT

3

Case: 13-05154   Doc# 34   Filed: 02/27/14   Entered: 02/27/14 11:23:05   Page 3 of 4

The Motion is based on the Memorandum of Points and Authorities filed concurrently herewith in support thereof, the pleadings and other documents on file in this adversary proceeding, and such additional evidence and argument as may be presented at the hearing on the Motion.

DATED: February 27, 2014

Respectfully submitted,

Peter C. Bronson
LAW OFFICES OF PETER C. BRONSON
A Professional Corporation

By: *(signed)* Peter C. Bronson
Peter C. Bronson
Special Counsel for Plaintiff and Movant
Fred Hjelmeset, Chapter 7 Trustee