Peter C. Bronson, Cal. Bar No. 60669
LAW OFFICES OF PETER C. BRONSON
A Professional Corporation
770 L Street, Suite 950
Sacramento, California 95814
Telephone: (916) 444-1110
Facsimile: (916) 361-6046

Special Counsel for Plaintiff and Movant
Fred Hjelmeset, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>CT DRIVES, LLC,<br><br>                Debtor. | Case No. 11-60198 SLJ<br><br>Adv. No. 13-05154<br><br>Chapter 7 |
| FRED HJELMESET, Chapter 7 Trustee,<br><br>                Plaintiff,<br>v.<br><br>WAYNE K. HIGASHI, individually and as Trustee of THE WAYNE K. HIGASHI TRUST and of THE HIGASHI FAMILY TRUST, aka THE HIGASHI FAMILY REVISED TRUST, aka the 2010 HIGASHI FAMILY TRUST; ROSE HIGASHI, individually and as Trustee of THE HIGASHI FAMILY TRUST, aka THE HIGASHI FAMILY REVISED TRUST, aka the 2010 HIGASHI FAMILY TRUST; INNOVATIVE TECHNOLOGIES LICENSING AND MANAGEMENT CORPORATION, a California corporation, dba Epilogics, dba The Epilogics Group; EPX, INC., a California corporation; ES DESIGN, LLC, a California limited liability company; THOMAS L. BAHRICK, an individual; BARRY N. YOUNG, an individual; ROBERT MARANGELL, an individual; PERISHO TOMBOR BROWN, PC, a California corporation; LANLOGIC, INC., a California corporation; and SPRULI, LLC, a California limited liability company,<br><br>                Defendants. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' THIRD PARTY CLAIMS FOR BREACH OF OPERATING AGREEMENT, BREACH OF FIDUCIARY DUTY, CONVERSION, AND UNJUST ENRICHMENT**<br><br>[Fed.R.Bankr.P. 7012(b)]<br><br>Date:     March 31, 2014<br>Time:    1:30 p.m.<br>Place:   United States Courthouse<br>           280 South First Street<br>           Courtroom 3099<br>           San Jose, CA 95113<br>Judge:   Hon. Stephen L. Johnson |

| | |
|---|---|
| 1 | WAYNE K. HIGASHI, individually and as Trustee of THE HIGASHI FAMILY TRUST; INNOVATIVE TECHNOLOGIES LICENSING AND MANAGEMENT CORPORATION, a California corporation; THOMAS L. BAHRICK, an individual; BARRY N. YOUNG, an individual; ROBERT MARANGELL, an individual; PERISHO TOMBOR BROWN, PC, a California corporation; and LANLOGIC, INC., a California corporation, |
| | Third Party Plaintiffs, |
| | v. |
| | CONNARD CALI, an individual, and CONNTECHNICAL INDUSTRIES, INC., a California corporation, |
| | Third Party Defendants. |

Plaintiff Fred Hjelmeset, Chapter 7 Trustee (the "Trustee") respectfully submits this Memorandum of Points and Authorities in support of his Motion (the "Motion") to dismiss the "Third Party Claims [*sic*] for Breach of Operating Agreement, Breach of Fiduciary Duty, Conversion, and Unjust Enrichment" (the "Third Party Complaint") which Defendants' counsel has purported to file on behalf of (a) debtor CT Drives, LLC ("Debtor") and some of the defendants ("Third Party Plaintiffs") in this adversary proceeding.

## I. INTRODUCTION

The Trustee initiated this adversary proceeding by filing a Complaint for Recovery of Avoidable Transfers, Conversion and Breach of Fiduciary Duty (the "Trustee's Complaint"). The Trustee's Complaint alleges, *inter alia*, that Debtor's principal, Wayne K. Higashi ("Higashi"), and his *alter egos* and related entities misappropriated money and assets from Debtor; that Higashi made unlawful postpetition transfers of Debtor's assets; and that four of the defendants received large payments from Debtor, allegedly for prepaid services that were never rendered to Debtor.

Several of the defendants, including Higashi, have purported to file a Third Party Complaint against Connard Cali ("Cali") and his company Conntechnical Industries, Inc. ("Conntechnical"),

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS THIRD PARTY COMPLAINT

2

who have not otherwise been named as parties to this adversary proceeding.[1] [The Third Party Plaintiffs consist of: (a) defendants Higashi and his family trust; (b) defendant Innovative Technologies Licensing and Management Corporation ("ITLMC") (alleged by the Trustee's Complaint to be an *alter ego* of Higashi); and (c) five other defendants who, the Trustee alleges, received avoidable transfers from Debtor.]

The Third Party Complaint alleges that Cali and/or Conntechnical breached Debtor's Operating Agreement, and misappropriated intellectual property and technology of Debtor. All five purported Claims for Relief in the Third Party Complaint purport to be brought on behalf of the Debtor and the Third Party Plaintiffs. The Third Party Complaint requests that monetary damages be awarded both to Debtor and to each of the individual Third Party Plaintiffs.

## II.  ISSUES TO BE DECIDED

This Motion presents the following issues for decision:

1. Must the Third Party Complaint be dismissed because the purported claims sued upon belong to the Trustee, who has the exclusive right to sue on behalf of the estate?

2. Must the Third Party Complaint be dismissed because individual creditors have no standing to seek damages for themselves on claims which belong to the estate?

3. Does the Third Party Complaint fail to state a claim because it fails to comply with the pleading requirements of Rule 14(a)(1) of the Federal Rules of Civil Procedure?

4. Must the Third Party Complaint be dismissed because it violates the automatic stay [11 U.S.C. § 362(a)(3)]?

## III.  STATEMENT OF MATERIAL FACTS

**A. The Trustee's Adversary Complaint Against Higashi *et al.***

The Trustee's Complaint seeks, *inter alia*, to recover money and other assets transferred by Debtor to or for the benefit of Higashi (First Claim for Relief), his family trusts (Second Claim), his various *alter egos*, including ITLMC (Third through Fifth Claims), and Debtor's part-time bookkeeper (Tenth Claim). The Trustee further alleges that, according to Debtor's books and

---

[1] Conntechnical has filed a creditor Proof of Claim in this bankruptcy case.

records, Debtor made transfers to its accountants, attorneys and Internet service provider, ostensibly as pre-payment for future services but without consideration (Sixth through Ninth Claims).

The Trustee's Complaint further alleges that after the filing of Debtor's bankruptcy petition, Higashi unlawfully (a) appropriated and sold inventory and other assets of Debtor (Eleventh and Twelfth Claims), and (b) caused Debtor to make payments to its counsel on prepetition indebtedness (Thirteenth Claim). The Trustee also states claims for conversion and breach of fiduciary duty by Higashi (Fourteenth and Fifteenth Claims), and prays for recovery of the avoided transfers or their value for the estate (Sixteenth Claim).

Defendants filed an Answer to the Complaint, and initially attempted to include "third party claims" in the body of their Answer. Those "third party claims" were substantively identical to what is now the Third Party Complaint; however, at that time they were purportedly brought on behalf of all the defendants and also the Debtor. By order entered December 5, 2013, the Court denied issuance of an alias summons on the third party claims, because such claims are required to be filed as a separate third-party complaint.

Defendants' counsel thereupon filed the Third Party Complaint (improperly calling it "Third Party Claims"). As explained below, the Third Party Complaint is now brought on behalf of only selected defendants, and also purports to assert claims on behalf of the Debtor.

**B. The Third Party Complaint.**

The Third Party Complaint purports to be brought under Rule 14(a)(1) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7014 of the Federal Rules of Bankruptcy Procedure.

The Third Party Plaintiffs are comprised of several (but not all) of the defendants sued by the Trustee: Higashi and his Trust; ITLMC; the four defendants (Thomas L. Bahrick, Barry N. Young, Perisho Tombor Brown, PC and Lanlogic, Inc.) alleged by the Trustee to have received, prepetition, improper pre-payments for services that never were rendered; and Robert Marangell, who the Trustee alleges to have improperly received cash and equity totaling $480,000 for a year of part-time bookkeeping services. In the Third Party Complaint, the Third Party Plaintiffs seek to recover damages both for themselves and on behalf of the Debtor for alleged wrongful acts committed

against the Debtor by Cali and Conntechnical.

The purported First Claim for Relief in the Third Party Complaint alleges, on behalf of "Debtor and Third Party Plaintiffs", that Cali and Conntechnical have breached Debtor's Operating Agreement. There is no allegation (nor could there be) that William C. Milks, III, counsel for the defendants and the Third Party Plaintiffs, has been retained as counsel for the Trustee. Nor is there any allegation that any of the Third Party Plaintiffs was a party to the Operating Agreement. The terms of the Operating Agreement, and the facts allegedly constituting breach of the Agreement, are not disclosed.

The purported Second Claim for Relief alleges, again on behalf of Debtor and the Third Party Plaintiffs, that Cali and Conntechnical misappropriated intellectual property and technology of the Debtor, and failed to pay royalties to Debtor; and the Third Claim alleges that Cali and/or Conntechnical converted assets of the Debtor. The Second and Third Claims seek an award of monetary damages (including punitive damages) to Debtor and to the selected defendants (including Higashi) who are included as Third Party Plaintiffs (including Higashi). The purported Fourth Claim for Relief is for imposition of a constructive trust, and the Fifth Claim for Relief is for unjust enrichment.

As the Trustee will explain, each of the claims in the Third Party Complaint belongs exclusively to the Trustee. Individual creditors have no right to sue on behalf of the estate; nor do they have standing to sue for monetary damages that would go only to those creditors who were named as Third Party Plaintiffs. In addition, the Third Party Complaint wholly fails to meet the pleading requirements set forth in Rule 14(a)(1) of the Federal Rules of Civil Procedure.

Moreover, inasmuch as the purported claims sued upon belong to the estate, the filing and prosecution of the Third Party Complaint violate the automatic stay.

### IV.   LEGAL ARGUMENT

**A. The Third Party Complaint Must Be Dismissed Because the Third Party Plaintiffs Lack Standing To Sue.**

Each of the purported claims for relief in the Third Party Complaint expressly seeks an award of monetary damages to the Third Party Plaintiffs, who constitute a handful of the potential creditors

of the estate. Moreover, each of the claims purports to be brought on behalf of the Debtor as well as on behalf of the Third Party Plaintiffs.

But the Third Party Plaintiffs have no standing to sue at all, much less to do so on behalf of the Debtor. The Trustee is the sole representative of the estate, with the exclusive capacity to sue on behalf of the estate. 11 U.S.C. § 323(a), (b); *Estate of Spirtos*, 443 F.32d 1172, *passim* (9th Cir. 2006). "[A] trustee, as the representative of the bankruptcy estate, is . . . the only party with standing to prosecute causes of action belonging to the estate." *Parker v. Wendy's Int'l, Inc.,* 365 F.3d 1268, 1272 (11th Cir. 2004).

Where, as here, a party lacks standing to sue, his claims are properly dismissed pursuant to Fed.R.Civ.P. 12(b)(1). *See, e.g., Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). The Trustee's Motion therefore should be granted.

**B. Even If Standing To Sue Were Not an Issue, the Third Party Complaint Fails To Comply with Rule 14(a)(1) of the Federal Rules of Civil Procedure.**

Even if the Third Party Claimants did not lack standing to sue, in any event the Third Party Complaint still would fail to state a claim because it does not meet the pleading requirements of Rule 14(a)(1) of the Federal Rules of Civil Procedure.

Rule 14(a)(1) provides in pertinent part: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Thus:

> "[A] third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative. It is not sufficient that the third-party claim is a related claim." *In re Street*, 283 B.R. 775, 781 (Bankr. D. Ariz. 2002), *quoting United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983).

/ / / / /

/ / / / /

/ / / / /

/ / / / /

Here, the "defending parties" (the Third Party Plaintiffs) seek monetary damages against the "nonparties" (Cali and Conntechnical) for alleged breach of Debtor's Operating Agreement[2] and alleged misappropriation of intellectual property and technology. Thus, the Third Party Complaint makes no allegation that Cali and Conntechnical "may be liable to [the Third Party Plaintiffs] for all or part of the claim against [them]." Accordingly, the Third Party Complaint fails to state any claim.

## C. The Third Party Complaint Violates the Automatic Stay and Cannot Stand.

The Third Party Complaint violates the automatic stay in at least two ways. First, by seeking monetary damages for wrongs allegedly done to the estate, the Third Party Plaintiffs' pursuit of their claims constitutes an "act to obtain possession of property of the estate". [11 U.S.C. § 362(a)(3).] Second, the Third Party Complaint constitutes an "act to exercise control over property of the estate", namely the causes of action which belong exclusively to the Trustee. [*Id.*] The violation of the automatic stay renders the filing of the Third Party Complaint void. *See, e.g., In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992). The Third Party Complaint should be dismissed.

## D. The Third Party Complaint Should Be Dismissed Without Leave To Amend.

The Third Party Complaint improperly purports to assert, on behalf of the Debtor and a small group of creditors, claims which belong exclusively to the Trustee, and which none of the Third Party Plaintiffs have standing to pursue. Even if this were not an insurmountable obstacle, none of the purported claims for relief in the Third Party Claim even purports to assert a claim upon which Cali or Conntechnical are jointly liable, with the defendants/Third Party Claimants, to the Trustee on the claims his Complaint asserts against the defendants/Third Party Plaintiffs. Further, the very filing and prosecution of the Third Party Complaint was in violation of 11 U.S.C. § 362(a)(3) and, therefore, void *ab initio*.

There is no basis for concluding that any of these independently fatal defects, much less all of them, can be cured. Therefore, granting the Third Party Claimants leave to amend would be futile. The Motion should be granted, and the Third Party Complaint should be dismissed without

---

[2] The Third Party Complaint seeks damages for breach of the Debtor's Operating Agreement. However, it fails to attach the Agreement, to describe it, to state its essential terms, or to say how it was breached. For this additional reason, dismissal is appropriate under Fed.R.Civ.P. 12(b)(6).

leave to amend.

## V. CONCLUSION

For each and all of the reasons set forth hereinabove, the Trustee respectfully requests that the Motion be granted, and that the Third Party Complaint and each purported claim for relief set forth therein be dismissed, without leave to amend.

DATED: February 27, 2014

Respectfully submitted,

Peter C. Bronson
LAW OFFICES OF PETER C. BRONSON
A Professional Corporation

By: *Peter C. Bronson*

Peter C. Bronson
Special Counsel for Plaintiff and Movant
Fred Hjelmeset, Chapter 7 Trustee