

ORIGINAL

William C. Milks, III (State Bar Number 114083)
Law Offices of William C. Milks, III
960 San Antonio Road, Suite 200A
Palo Alto, CA 94303
Tel.: (650) 930-6780
Fax: (650) 813-1805
Email: bmilks@sbcglobal.net

FILED

JUL 1 6 2014

United States Bankruptcy Court
San Jose, California

Attorneys for Defendants
WAYNE K. HIGASHI, et al.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

*In re* CT DRIVES, LLC,

    Debtor.

---

FRED HJELMESET, Chapter 7 Trustee,

    Plaintiff,

v.

WAYNE K. HIGASHI, individually and as Trustee of THE WAYNE K. HIGASHI TRUST and of THE HIGASHI FAMILY TRUST, aka THE HIGASHI FAMILY REVISED TRUST, aka the 2010 HIGASHI FAMILY TRUST; ROSE HIGASHI, individually and as Trustee of THE HIGASHI FAMILY TRUST, aka THE HIGASHI FAMILY REVISED TRUST, aka the 2010 HIGASHI FAMILY TRUST; INNOVATIVE TECHNOLOGIES LICENSING AND MANAGEMENT CORPORATION, a California corporation, dba Epilogics, dba The Epilogics Group; EPX, INC., a California corporation; ES DESIGN, LLC, a California limited liability company; THOMAS L. BAHRICK, an individual; BARRY N. YOUNG, an individual; ROBERT MARANGELL, an individual; PERISHO TOMBOR BROWN, PC, a California corporation; LANLOGIC, INC., a California corporation; and SPRULI, LLC, a California limited liability company,

    Defendants.

Case No. 11-60198 SLJ

Chapter 7

Adv. No. 13-05154

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY DEFENDANTS FOR JURY TRIAL**

[B.L.R. Rule 9015-2(a)]

Date: August 18, 2014
Time: 1:30 PM
Place: United States Courthouse
    Courtroom 3099
    280 South First Street
    San Jose, CA 95113
Judge: Hon. Stephen L. Johnson

Defendants Wayne K. Higashi, individually and as Trustee of The Wayne K. Higashi Trust and of The Higashi Family Trust, aka The Higashi Family Revised Trust, aka the 2010 Higashi Family Trust; Rose Higashi, individually and as Trustee of The Higashi Family Trust, aka The Higashi Family Revised Trust, aka the 2010 Higashi Family Trust; Innovative Technologies Licensing and Management Corporation, dba Epilogics, dba The Epilogics Group; EPX, Inc.; ES Design, LLC; Thomas L. Bahrick; Barry N. Young; Robert Marangell; Perisho Tombor Brown, PC; Lanlogic, Inc.; and Spruli, LLC (collectively referred to hereafter as "Defendants") hereby submit this Memorandum of Points and Authorities in support of their motion pursuant to B.L.R. § 9015-2(a) for the Bankruptcy Court to determine that 1) Defendants' demand for a jury trial was timely made, 2) all claims by Plaintiff Fred Hjelmeset, Chapter 7 Trustee ("Plaintiff") against Defendants are legal claims involving private rights, rather than equitable in nature, and 3) Plaintiff has not consented to a jury trial, thereby entitling Defendants to a trial by jury before the District Court, and for the Bankruptcy Court, after having resolved all pre-trial matters, including dispositive motions, to certify to the District Court pursuant to B.L.R. § 9015-2(b) that the proceeding be tried by a jury before the District Court.

## INTRODUCTION

Plaintiff through his retained Special Counsel, Peter C. Bronson ("Special Counsel") filed an adversary proceeding against Defendants. In his Complaint, Plaintiff asserts only legal claims against Defendants. In their Answer, Defendants included a demand for a jury trial. Plaintiff has not consented to a jury trial before the Bankruptcy Court. Under these circumstances, after resolving all pre-trial matters, including dispositive motions, the Bankruptcy Court must certify to the District Court pursuant to B.L.R. Rule 9015-2(b) that the proceeding be tried by a jury before the District Court.

## STATEMENT OF ISSUES TO BE DECIDED

The following issues are to be addressed by this Court:

1. Did Defendants file a timely demand for a jury trial? Yes, Defendants included a jury demand in their Answer to Plaintiff's Complaint pursuant to B.L.R. Rule 9015-1 which provides that Fed. R. Civ. P. Rule 38(a)-(d) applies, permitting Defendants to request a jury trial in this adversary proceeding.

1

2. Are the claims alleged in the Complaint filed by Plaintiff legal claims involving private rights triable to a jury or equitable claims triable by the Bankruptcy Court without a jury? Because all claims asserted by Plaintiff in his Complaint are legal claims involving private rights, rather than equitable claims, Defendants have a right to have those claims tried to a jury.

3. Did Plaintiff consent to a jury trial in the Bankruptcy Court? No, Plaintiff has refused to consent to a jury trial before the Bankruptcy Court.

4. Under the circumstances, does B.L.R. Rule 9015-2(b) require withdrawal of the reference and a jury trial before the District Court at the appropriate time? Yes, after the Bankruptcy Court resolves all pre-trial matters, including dispositive motions, the Bankruptcy Court must certify to the District Court pursuant to B.L.R. Rule 9015-2(b) that the proceeding be tried by a jury before the District Court.

## STATEMENT OF MATERIAL FACTS

On October 31, 2013, Plaintiff filed an adversary proceeding against Defendants. In his Complaint (Doc#1) entitled "COMPLAINT FOR RECOVERY OF AVOIDABLE TRANSFERS, CONVERSION AND BREACH OF FIDUCIARY DUTY," Plaintiff alleges the following claims against Defendants:

1. FIRST CLAIM FOR RELIEF
[Against Defendant W. Higashi for Avoidance of Fraudulent Transfers (11 U.S.C. §§ 544 and 548; Cal. Civ. Code §§ 3439.04-.05)] (Doc#1 at p. 3)

2. SECOND CLAIM FOR RELIEF
[Against Defendants W. Higashi and the Higashi Trusts for Avoidance of Unauthorized Transfers (11 U.S.C. §§ 544 and 548; Cal. Civ. Code §§ 3439.04-.05)] (Doc#1 at p. 4)

3. THIRD CLAIM FOR RELIEF
[Against Defendants W. Higashi and ITLMC for Avoidance of Fraudulent Transfers (11 U.S.C. §§ 544 and 548; Cal. Civ. Code §§ 3439.04-.05)] (Doc#1 at pp. 4-5)

4. FOURTH CLAIM FOR RELIEF
[Against Defendants W. Higashi and EPX for Avoidance of Fraudulent Transfers (11 U.S.C. §§ 544 and 548; Cal. Civ. Code §§ 3439.04-.05)] (Doc#1 at p. 5)

5. FIFTH CLAIM FOR RELIEF
[Against Defendants W. Higashi and ES Design for Avoidance of Fraudulent Transfers (11 U.S.C. §§ 544 and 548; Cal. Civ. Code §§ 3439.04-.05)] (Doc#1 at p. 6)

2
MEMO ISO MOT. FOR JURY TRIAL
Case: 13-05154   Doc# 61   Filed: 07/16/14   Entered: 07/16/14 16:21:13   Page 3 of 13
Adv. No. 13-05154
11

6. SIXTH CLAIM FOR RELIEF
[Against Defendants W. Higashi and Bahrick for Avoidance of Fraudulent Transfers (11 U.S.C. §§ 544 and 548; Cal. Civ. Code §§ 3439.04-.05)] (Doc#1 at pp. 6-7)

7. SEVENTH CLAIM FOR RELIEF
[Against Defendants W. Higashi and Young for Avoidance of Fraudulent Transfers (11 U.S.C. §§ 544 and 548; Cal. Civ. Code §§ 3439.04-.05)] (Doc#1 at pp. 7-8)

8. EIGHTH CLAIM FOR RELIEF
[Against Defendants W. Higashi and Perisho for Avoidance of Fraudulent Transfers (11 U.S.C. §§ 544 and 548; Cal. Civ. Code §§ 3439.04-.05)] (Doc#1 at pp. 8-9)

9. NINTH CLAIM FOR RELIEF
[Against Defendants W. Higashi and Lanlogic for Avoidance of Fraudulent Transfers (11 U.S.C. §§ 544 and 548; Cal. Civ. Code §§ 3439.04-.05)] (Doc#1 at pp. 9-10)

10. TENTH CLAIM FOR RELIEF
[Against Defendants W. Higashi and Marangell for Avoidance of Fraudulent Transfers (11 U.S.C. §§ 544 and 548; Cal. Civ. Code §§ 3439.04-.05)] (Doc#1 at pp. 10-11)

11. ELEVENTH CLAIM FOR RELIEF
[Against Defendants W. Higashi and Higashi Entities for Avoidance of Unauthorized Transfers (11 U.S.C. § 549)] (Doc#1 at p. 11)

12. TWELFTH CLAIM FOR RELIEF
[Against Defendant W. Higashi and Higashi Entities for Avoidance of Unauthorized Transfers (11 U.S.C. § 549)] (Doc#1 at p. 11)

13. THIRTEENTH CLAIM FOR RELIEF
[Against Defendants W. Higashi and Young for Avoidance of Unauthorized Transfers (11 U.S.C. § 549)] (Doc#1 at p. 12)

14. FOURTEENTH CLAIM FOR RELIEF
[Against the Higashis and Higashi Trusts for Conversion] (Doc#1 at p. 12)

15. FIFTEENTH CLAIM FOR RELIEF
[Against W. Higashi for Breach of Fiduciary Duty] (Doc#1 at p. 13)

16. SIXTEENTH CLAIM FOR RELIEF
[Against All Defendants to Recover Avoidable Transfers (11 U.S.C. § 550)] (Doc#1 at pp. 13-14)

Consequently, the First through Tenth Claims for Relief alleged in Plaintiff's Complaint are for Avoidance of Fraudulent Transfers under 11 U.S.C. §§ 544 and 548; Cal. Civ. Code §§ 3439.04-.05; the Eleventh through Thirteenth Claims for Relief are for Avoidance of Unauthorized Transfers under 11 U.S.C. § 549; the Fourteenth Claim for Relief is for Conversion; the

Case: 13-05154    Doc# 81    Filed: 07/16/14    Entered: 07/16/14 16:21:13    Page 4 of Adv. No. 13-05154

Fifteenth Claim for Relief is for Breach of Fiduciary Duty; and the Sixteenth Claim for Relief is to Recover Avoidable Transfers under 11 U.S.C. § 550. The Plaintiff seeks only monetary damages in his Complaint. (Doc#1 at pp. 14-16)

Defendants filed an Answer on December 3, 2013. *See*, Declaration of William C. Milks, III in Support of Motion by Defendants for Jury Trial ("Milks Decl."), ¶ 2 and Exhibit 1 attached thereto. This was Defendants' first pleading filed in the adversary proceeding. *See*, Milks Decl., ¶ 3. Defendants' Answer includes a "DEMAND FOR JURY TRIAL." *See*, Milks Decl., ¶ 4 and Exhibit 1 attached thereto at p. 16.

Plaintiff has not consented to a jury trial in the Bankruptcy Court. *See*, Milks Decl., ¶ 5 and Exhibit 2 attached thereto at p. 8.

## LEGAL STANDARDS

B.L.R. 9015-1 provides a party may request a jury trial in an adversary proceeding:

**9015-1. Jury Trial of Right.**
FRCivP 38(a)-(d) applies in adversary proceedings.

The procedure for determining a party's right to a jury trial in an adversary proceeding in which a demand for a jury trial is made by a party is set forth in B.L.R. 9015-2(a):

**9015-2. Jury Trials and Personal Injury and Wrongful Death Claims.**
**(a) Determination of Right.**
In any proceeding in which a demand for jury trial is made, the Bankruptcy Judge shall, upon the motion of one of the parties, or upon the Bankruptcy Judge's own motion, determine whether the demand was timely made and whether the demanding party has a right to a jury trial. The Bankruptcy Judge may, on the Judge's own motion, determine that there is no right to a jury trial in a proceeding even if all of the parties have consented to a jury trial.

If the Bankruptcy Judge determines that the demand for a jury trial was timely made and the party making the jury demand has a right to a jury trial, but not all parties have consented to a jury trial before the Bankruptcy Court, B.L.R. 9015-2(b) specifies:

**9015-2. Jury Trials and Personal Injury and Wrongful Death Claims.**
….

> **(b) Motion and Certification to District Court.**
> If the Bankruptcy Judge determines that the demand for a jury trial was timely made and the party has a right to a jury trial, and if all parties have not filed written consent to a jury trial before the Bankruptcy Judge, the Bankruptcy Judge shall, after having resolved all pre-trial matters, including dispositive motions, certify to the District Court that the proceeding is to be tried by a jury and that the parties have not consented to a jury trial in the Bankruptcy Court, and shall include in such certification, a report of the status of the proceeding and a recommendation on when the matter would be suitable for withdrawal from the Bankruptcy Court. Upon such certification, the party who has demanded a jury trial shall promptly file a motion in accordance with B.L.R. 5011-2(a) for withdrawal of the reference of the proceeding to be tried to a jury. The motion and the certification shall thereafter be handled in the District Court in accordance with B.L.R. 5011-2(c), (d) and (e).

Thus, the Bankruptcy Local Rules require 1) a timely jury demand by a party 2) having a right to a jury trial 3) without there being the consent of all parties to the adversary proceeding in order for the Bankruptcy Judge to certify that the proceeding is suitable for withdrawal to the District Court for a jury trial before the District Court. The right to a jury trial is determined by the Bankruptcy Judge either upon motion by one of the parties or on the Bankruptcy Judge's own motion. If the Bankruptcy Judge determines that a party has a right to a jury trial, the Bankruptcy Judge may hold a jury trial only if all parties have consented, and, if not, the Bankruptcy Court must certify to the District Court that the proceeding is to be tried to a jury before the District Court at the appropriate time, namely, "after having resolved all pre-trial matters, including dispositive motions, … and shall include in such certification, a report of the status of the proceeding and a recommendation on when the matter would be suitable for withdrawal from the Bankruptcy Court." *Id.*

The determination as to whether a party who timely demands a jury trial under B.L.R. 9015-1 has a right to a jury trial is made by the Bankruptcy Judge in view of applicable case law under B.L.R. 9015-2(a). In *Sharp v. Hawkins*, 2004 U.S. Dist. LEXIS 25367 (Bankr. N.D. Cal. 2004), the Bankruptcy Judge issued a recommendation regarding withdrawal of the reference and right to jury trial. In *Sharp*, the Unsecured Creditors Committee for the debtor filed a complaint initiating an adversary proceeding in the Bankruptcy Court against Hawkins, which contained a demand for a jury trial. The trustee contended that he had a right to a jury trial of claims against Hawkins and three directors of the debtor. In determining whether or not the

trustee had a right to a jury trial, the Bankruptcy Judge stated at 2004 U.S. Dist. LEXIS 25367, *13-*15:

> The Supreme Court has issued two important cases analyzing the right to trial by jury in bankruptcy adversary proceedings: *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 106 L. Ed. 2d 26, 109 S. Ct. 2782 (1989) and *Langenkamp v. Culp*, 498 U.S. 42, 112 L. Ed. 2d 343, 111 S. Ct. 330 (1990). In *Granfinanciera*, the Supreme Court used a three-part analysis in determining whether a party has a right to a jury trial under the *Seventh Amendment of the Constitution*. "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Granfinanciera, 492 U.S. at 42*. Actions that would have been brought in courts of equity are not jury trial matters. "Second, we examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* If the remedy is equitable in nature, there is no right to a jury trial. Finally, a court must determine whether the action involves a "private right" or a "public right." *Id. at 50-51*. A right to a jury trial exists only in those actions involving "private rights."
>
> The Supreme Court refined its *Granfinanciera* analysis in *Langenkamp*. In holding that a creditor who filed a proof of claim was not entitled to a jury trial in a later preference action, the Supreme Court stated: "In Granfinanciera we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of allowance and disallowance of claims, 'thereby subjecting himself to the bankruptcy court's equitable power. [Citations omitted.] If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity. . . . In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction.'" *Langenkamp, 498 U.S. at 44-45*. Under *Langenkamp*, therefore, legal causes of action which "become integral to the restructuring of the debtor-creditor relationship" are converted to equitable claims for which no right for a jury trial exists.

The Bankruptcy Judge in *Sharp* then proceeded to analyze *Germain v. Connecticut Nat'l Bank*, 988 F.2d 1323, 1329 (2d Cir. 1993), noting at 2004 U.S. Dist. LEXIS 25367, *15:

> In *Germain, 988 F.2d at 1323*, the Second Circuit held that a trustee was entitled to a jury trial on his lender liability claims against a creditor, even when that creditor had filed a proof of claim.

and further noting at 2004 U.S. Dist. LEXIS 25367, *17-*18:

> Applying the *Granfinanciera* and *Langenkamp* multi-pronged test (i.e., private rights vs. public rights, legal vs. equitable causes of action) for determining whether a party is entitled to a jury trial, the *Germain* court held that the trustee's lender liability claims were legal instead of equitable and were private instead of public. The court stated:
>
>> We do not believe that the Trustee's action here bears a close nexus to any statutory public right. Indeed, his state law causes of action "are paradigmatic

6

MEMO ISO MOT. FOR JURY TRIAL
Case: 13-05154  Doc# 61  Filed: 07/16/14  Entered: 07/16/14 16:21:13  Page 7 of 11
Adv. No. 13-05154

private rights, even when asserted by an insolvent corporation in the midst of Chapter 11 reorganization proceedings." *[Granfinanciera]*, 492 U.S. at 56, 109 S. Ct. at 2797. His suit is aimed at enhancing the bankruptcy estate and does not involve any other creditor's rights or the relationship among the creditors as a group or between the debtor and another creditor. The suit seeks compensation for damage done. It has nothing to do with the essence of the bankruptcy regulatory scheme of allowing or reordering claims.

\* \* \*

The Trustee's action is simply not integrally related to any substantive bankruptcy provisions and the public regulatory scheme here will not be hampered by a jury trial. The power of the bankruptcy court to readjust debtor-creditor relations and reorder creditor claims equitably and completely will not be diminished if this action is tried before a jury. Although it may be more expeditious to eschew a separate jury trial, such concerns have little weight when balanced against a constitutional guarantee. For these reasons we conclude that the Trustee's action involves private rights and should be tried before a jury, if that is the Trustee's choice. *Germain, 988 F.2d at 1331-32* (emphasis added). In other words, had the trustee in *Germain* filed an action which would have affected the hierarchy of claims or the allowance of claims, he would not have been entitled to a jury trial.

The Bankruptcy Judge in *Sharp* concluded his analysis by stating at 2004 U.S. Dist. LEXIS 25367, *20:

In *Germain*, unlike here, the trustee "[was] not asking for any bankruptcy relief". *Id.* at *1329* (emphasis added). In fact, the creditor in *Germain* contended that the trustee intended to seek equitable subordination and that his claims were therefore equitable. The Second Circuit rebuffed the argument by stating "We cannot predict the future and there is no current evidence [of an intent to seek equitable subordination]." *Id.* at n.7.

Accordingly, the Bankruptcy Judge in *Sharp* held that because the Trustee had alleged an equitable subordination claim against Hawkins, the Trustee was not entitled to a jury trial with respect to his claims against Hawkins, but concluded at 2004 U.S. Dist. LEXIS 25367, *22:

***Trustee, however, is entitled to a jury trial against the Three Directors. Trustee did not allege an equitable subordination claim against them, so their otherwise legal claims retain their legal nature.*** Trustee has not consented to a jury trial in bankruptcy court so, under *B.L.R. 9015-1(b)[1]*, I must certify that Trustee is indeed entitled to a jury trial and that the reference should be withdrawn. (Emphasis added.)

---

[1] B.L.R. 9015-1(b) has been replaced by B.L.R. 9015-2(b).

7

In considering whether claims are legal or equitable in nature, claims for avoidance of fraudulent transfers under 11 U.S.C. §§ 544 and 548, for avoidance of unauthorized transfers under 11 U.S.C. § 549, and to recover avoidable transfers under 11 U.S.C. § 550 are legal claims. *See, Sharp* at 2004 U.S. Dist. LEXIS 25367, *12 and fn. 3; *In re Santangelo*, 2012 Bankr. LEXIS 485, *2, *10 (E.D.N.Y. 2012). Claims for breach of fiduciary duty and conversion are also legal claims. *See, Infotopia, Inc. v. Twin City Fire Insurance Co.*, 2007 U.S. Dist. LEXIS 74087, *6-*7 (N.D. Ohio 2007) ("Plaintiff Trustee brings claims against Twin City, the issuer the D/O policy, for fraudulent transfer, conversion of assets, amounts due under promissory notes, and breaches of fiduciary duty. Plaintiff seeks money damages from Twin City, rendering this matter an action at law not equity. Generally, the *Seventh Amendment* provides a right to a jury trial for actions at law. [Citation omitted]"); *see, also, Sharp* at 2004 U.S. Dist. LEXIS 25367, *10 ("…legal claims for breach of contract and breach of fiduciary duty and so forth").

If the claims are legal claims, the party requesting a jury trial has a right to a jury trial even if the proceeding is a core proceeding. *See, Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 36, 109 S. Ct. 2782, 106 L. Ed. 2d 26 (1989)* ("the *Seventh Amendment* entitles such a person to a trial by jury, notwithstanding Congress' designation of fraudulent conveyance actions as 'core proceedings'"); *see, also, In re Santangelo*, 2012 Bankr. LEXIS 485, *7, *10 (E.D.N.Y. 2012).

## ARGUMENT

Defendants met the requirement of timely requesting a jury trial. Furthermore, Plaintiff's claims against Defendants are legal claims involving private rights. Plaintiff did not file an equitable subordination claim against any Defendant. Moreover, Plaintiff has not consented to a jury trial before the Bankruptcy Court. Therefore, this Court should determine that Defendants have a right to a jury trial before the District Court pursuant to B.L.R. 9015-2(a) and after having resolved all pre-trial matters, including dispositive motions, certify the proceeding for a jury trial before the District Court with a recommendation on when the matter would be suitable for withdrawal from the Bankruptcy Court pursuant to B.L.R. 9015-2(b).

**A. Defendants Timely Filed Their Jury Demand.**

Defendants filed a timely jury demand pursuant to F. R. Civ. P. Rule 38(a)-(d) which is applicable to adversary proceedings under B.L.R. 9015-1. More particularly, Defendants filed a

8

MEMO ISO MOT. FOR JURY TRIAL

11

demand for jury trial in their Answer filed on December 3, 2013 which was the first pleading filed by Defendants in this adversary proceeding. Milks Decl., ¶¶ 2, 3, and 4 and Exhibit 1 attached thereto at p. 16. Therefore, Defendants filed a timely jury demand. *See, In re Santangelo*, 2012 Bankr. LEXIS 485, *9 (E.D.N.Y. 2012) ("This Court has determined that Defendant Michael Santangelo has properly invoked his right to a jury trial pursuant to the *Seventh Amendment of the United States Constitution* because Defendant asserted a demand for jury trial in the first pleading he filed with the Court, which clearly demanded a jury trial.")

### B. Plaintiff's Claims Against Defendants Are Legal Claims Involving Private Rights as to Which Defendants Have a Right to Jury Trial.

The First through Tenth Claims for Relief alleged in Plaintiff's Complaint are for Avoidance of Fraudulent Transfers under 11 U.S.C. §§ 544 and 548; Cal. Civ. Code §§ 3439.04-.05, which are legal claims. *See, In re Santangelo*, 2012 Bankr. LEXIS 485, *2, *10; *see, also, Kaisha v. Dodson*, 2008 U.S. Dist. LEXIS 116898, *2, *3 (N.D. Cal. 2008). The Eleventh through Thirteenth Claims for Relief alleged in Plaintiff's Complaint are for Avoidance of Unauthorized Transfers under 11 U.S.C. § 549, which are also legal claims. *See, Sharp v. Hawkins*, 2004 U.S. Dist. LEXIS 25367, *12 and fn. 3. The Fourteenth Claim for Relief alleged in Plaintiff's Complaint is for Conversion, and the Fifteenth Claim for Relief alleged in Plaintiff's Complaint is for Breach of Fiduciary Duty, which are legal claims. *See, Infotopia, Inc. v. Twin City Fire Insurance Co.*, 2007 U.S. Dist. LEXIS 74087, *6-*7. Finally, the Sixteenth Claim for Relief alleged in Plaintiff's Complaint is to Recover Avoidable Transfers under 11 U.S.C. § 550, which is a legal claim. *See, In re Santangelo*, 2012 Bankr. LEXIS 485, *2. Because all of Plaintiff's claims are legal claims involving private rights, rather than equitable claims, and Plaintiff has not included an equitable subordination claim in his Complaint and seeks only monetary damages, Defendants have a right to a jury trial. *See, Sharp v. Hawkins*, 2004 U.S. Dist. LEXIS 25367.

### C. Plaintiff Has Not Consented to a Jury Trial Before the Bankruptcy Court.

Plaintiff has not consented to a jury trial before the Bankruptcy Court. *See*, Milks Decl., ¶ 5 and Exhibit 2 attached thereto at p. 8. Therefore, Defendants have a right to a jury trial as to the legal claims alleged in Plaintiff's Complaint before the District Court under B.L.R. 9015-2(b).

## CONCLUSION

This Court should determine that Defendants' demand for a jury trial was timely made and Defendants have a right to a jury trial, because the only claims alleged by Plaintiff are legal claims involving private rights. Additionally, Plaintiff has not filed written consent to a jury trial before the Bankruptcy Court, so a jury trial is to be conducted before the District Court under B.L.R. 9015-2(b). A form of [Proposed] Order granting same accompanies this motion. Furthermore, pursuant to B.L.R. 9015-2(b), this Court should, after having resolved all pre-trial matters, including dispositive motions, certify to the District Court that the proceeding is to be tried by a jury and that the parties have not consented to a jury trial in the Bankruptcy Court, and include in such certification, a report of the status of the proceeding and a recommendation on when the matter would be suitable for withdrawal from the Bankruptcy Court.

Respectfully submitted,
Law Offices of William C. Milks, III

Dated: 07/16/2014

William C. Milks, III

Attorneys for Defendants
WAYNE K. HIGASHI, *et al.*