
ORIGINAL

**FILED**

JUL 1 6 2014

United States Bankruptcy Court
San Jose, California

William C. Milks, III (State Bar Number 114083)
Law Offices of William C. Milks, III
960 San Antonio Road, Suite 200A
Palo Alto, CA 94303
Tel.: (650) 930-6780
Fax: (650) 813-1805
Email: bmilks@sbcglobal.net

Attorneys for Defendants
WAYNE K. HIGASHI, *et al.*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| *In re* CT DRIVES, LLC,<br><br>Debtor. | Case No. 11-60198 SLJ<br><br>Chapter 7 |
| FRED HJELMESET, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>WAYNE K. HIGASHI, individually and as Trustee of THE WAYNE K. HIGASHI TRUST and of THE HIGASHI FAMILY TRUST, aka THE HIGASHI FAMILY REVISED TRUST, aka the 2010 HIGASHI FAMILY TRUST; ROSE HIGASHI, individually and as Trustee of THE HIGASHI FAMILY TRUST, aka THE HIGASHI FAMILY REVISED TRUST, aka the 2010 HIGASHI FAMILY TRUST; INNOVATIVE TECHNOLOGIES LICENSING AND MANAGEMENT CORPORATION, a California corporation, dba Epilogics, dba The Epilogics Group; EPX, INC., a California corporation; ES DESIGN, LLC, a California limited liability company; THOMAS L. BAHRICK, an individual; BARRY N. YOUNG, an individual; ROBERT MARANGELL, an individual; PERISHO TOMBOR BROWN, PC, a California corporation; LANLOGIC, INC., a California corporation; and SPRULI, LLC, a California limited liability company,<br><br>Defendants. | Adv. No. 13-05154<br><br>**DECLARATION OF WILLIAM C. MILKS, III IN SUPPORT OF MOTION BY DEFENDANTS FOR JURY TRIAL**<br><br>**[B.L.R. Rule 9015-2(a)]**<br><br>Date: August 18, 2014<br>Time: 1:30 PM<br>Place: United States Courthouse<br>      Courtroom 3099<br>      280 South First Street<br>      San Jose, CA 95113<br>Judge: Hon. Stephen L. Johnson |

I, William C. Milks, III, do hereby declare as follows:

1.    I am a member of the State Bar of California in good standing. I am admitted to practice before the United States District Court for the Northern District of California. I make the statements herein based on my personal knowledge, except where set forth on information and belief, which statements I believe to be true, and I could and would competently testify thereto if called as a witness.

2.    Attached hereto and marked as Exhibit 1 is a true and correct copy of the Answer filed by Defendants in the above-identified adversary proceeding on December 3, 2013.

3.    Defendants' Answer attached as Exhibit 1 hereto was the first pleading filed by Defendants in the adversary proceeding.

4.    Defendants' Answer attached as Exhibit 1 hereto includes a "DEMAND FOR JURY TRIAL" on page 16 thereof.

5.    Attached hereto and marked as Exhibit 2 is a true and correct copy of the Joint Status Conference Statement filed on May 21, 2014 in the adversary proceeding. On page 8 thereof, Plaintiff states "Plaintiff does not request a jury trial."


I declare under the penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct and that this Declaration was entered into on this 16th day of July, 2014 in Palo Alto, California.


_William C. Milks, III_
William C. Milks, III

# EXHIBIT 1

1  William C. Milks, III (State Bar Number 114083)
2  Law Offices of William C. Milks, III
   960 San Antonio Road, Suite 200A
3  Palo Alto, CA 94303
   Tel.: (650) 930-6780
4  Fax: (650) 813-1805
   Email: bmilks@sbcglobal.net
5
6  Attorneys for Defendants and
   Third Party Claimants
7

**FILED**

DEC 0 3 2013

ᴄʟᴇʀᴋ
UNITED STATES BANKRUPTCY COURT
SAN JOSE, CALIFORNIA

8      IN THE UNITED STATES BANKRUPTCY COURT
       FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                 SAN JOSE DIVISION

10  *In re* CT DRIVES, LLC,                    Case No. 11-60198 SLJ

11          Debtor.                            Adv. No.: 13-05154

12                                             Chapter 7

13  FRED HJELMESET, Chapter 7 Trustee,         **DEFENDANTS' ANSWER TO**
                                               **COMPLAINT FOR RECOVERY**
14          Plaintiff,                         **OF AVOIDABLE TRANSFERS,**
                                               **CONVERSION AND BREACH**
15          v.                                 **OF FIDUCIARY DUTY AND**
                                               **THIRD-PARTY CLAIMS**
16  WAYNE K. HIGASHI, individually and as Trustee
    of THE WAYNE K. HIGASHI TRUST and of THE   **[F.R.B.P. RULES 7007 and 7014]**
17  HIGASHI FAMILY TRUST, aka THE HIGASHI
    FAMILY REVISED TRUST, aka the 2010
18  HIGASHI FAMILY TRUST; ROSE HIGASHI,
    individually and as Trustee of THE HIGASHI
19  FAMILY TRUST, aka THE HIGASHI FAMILY
    REVISED TRUST, aka the 2010 HIGASHI
20  FAMILY TRUST; INNOVATIVE
    TECHNOLOGIES LICENSING AND
21  MANAGEMENT CORPORATION, a California
    corporation, dba Epilogics, dba The Epilogics Group;
22  EPX, INC., a California corporation; ES DESIGN,
    LLC, a California limited liability company;
23  THOMAS L. BAHRICK, an individual; BARRY N.
    YOUNG, an individual; ROBERT MARANGELL,
24  an individual; PERISHO TOMBOR BROWN, PC, a
    California corporation; LANLOGIC, INC., a
25  California corporation; and SPRULI, LLC, a
    California limited liability company,
26

27

28  Defendants and Third Party Claimants.

                                    1

Adv. No. 13-05154    Doc# 62    DEFENDANTS' ANSWER AND THIRD PARTY CLAIMS

Defendants and Third Party Claimants, Wayne K. Higashi, individually and as Trustee of The Wayne K. Higashi Trust and of The Higashi Family Trust, aka The Higashi Family Revised Trust, aka the 2010 Higashi Family Trust; ROSE HIGASHI, individually and as Trustee of The Higashi Family Trust, aka The Higashi Family Revised Trust, aka the 2010 Higashi Family Trust; Innovative Technologies Licensing and Management Corporation, dba Epilogics, dba The Epilogics Group; EPX, Inc.; ES Design, LLC; Thomas L. Bahrick; Barry N. Young; Robert Marangell; Perisho Tombor Brown, PC; Lanlogic, Inc., a California corporation; and Spruli, LLC, (collectively referred to herein as "Defendants" or "Third Party Claimants") respond to the Complaint for (1) Recovery of Avoidable Transfers; (2) Conversion; and (3) Breach of Fiduciary Duty, filed October 31, 2013 (the "Complaint") of Plaintiff Fred Hjelmeset, Chapter 7 Trustee, (referred to herein as "Plaintiff"), and as separate and affirmative thirty party claims, allege, as follows:

## ANSWER TO COMPLAINT

### JURISDICTION AND VENUE

1. Defendants lack sufficient information or belief concerning the allegations contained in Paragraph 1 of the Complaint and, basing their denial thereon, deny such allegations.

2. Defendants lack sufficient information or belief concerning the allegations contained in Paragraph 2 of the Complaint and, basing their denial thereon, deny such allegations.

3. Defendants lack sufficient information or belief concerning the allegations contained in Paragraph 3 of the Complaint and, basing their denial thereon, deny such allegations.

### PARTIES

4. Answering Paragraph 4 of the Complaint, Defendants admit the allegations of Paragraph 4 of the Complaint.

5. Answering Paragraph 5 of the Complaint, Defendants admit the allegations of Paragraph 5 of the Complaint.

6. Answering Paragraph 6 of the Complaint, Defendants admit that Wayne K. Higashi is currently a resident of the State of Hawaii. Except as so expressly admitted, Defendants lack sufficient information or belief concerning the allegations contained in Paragraph 6 of the Complaint and, basing their denial thereon, deny such allegations.

7. Answering Paragraph 7 of the Complaint, Defendants admit that Rose Higashi has been and is the spouse of Wayne K. Higashi. Except as so expressly admitted, Defendants lack

2

sufficient information or belief concerning the allegations contained in Paragraph 7 of the Complaint and, basing their denial thereon, deny such allegations.

8. Answering Paragraph 8 of the Complaint, Defendants deny the allegations of Paragraph 8 of the Complaint.

9. Answering Paragraph 9 of the Complaint, Defendants deny the allegations of Paragraph 9 of the Complaint.

10. Answering Paragraph 10 of the Complaint, Defendants admit that Innovative Technologies Licensing and Management Corporation is a California corporation. Except as so expressly admitted, Defendants lack sufficient information or belief concerning the allegations contained in Paragraph 10 of the Complaint and, basing their denial thereon, deny such allegations.

11. Answering Paragraph 11 of the Complaint, Defendants admit that ES Design, LLC is a California limited liability company. Except as so expressly admitted, Defendants lack sufficient information or belief concerning the allegations contained in Paragraph 11 of the Complaint and, basing their denial thereon, deny such allegations.

12. Answering Paragraph 12 of the Complaint, Defendants admit that EPX, Inc. is a dissolved California corporation. Except as so expressly admitted, Defendants lack sufficient information or belief concerning the allegations contained in Paragraph 12 of the Complaint and, basing their denial thereon, deny such allegations.

13. Answering Paragraph 13 of the Complaint, Defendants deny the allegations of Paragraph 13 of the Complaint.

14. Answering Paragraph 14 of the Complaint, Defendants admit the allegations of Paragraph 14 of the Complaint.

15. Answering Paragraph 15 of the Complaint, Defendants admit the allegations of Paragraph 15 of the Complaint.

16. Answering Paragraph 16 of the Complaint, Defendants deny the allegations of Paragraph 16 of the Complaint.

17. Answering Paragraph 17 of the Complaint, Defendants admit that Spruli, LLC is a California limited liability company. Except as so expressly admitted, Defendants lack sufficient information or belief concerning the allegations contained in Paragraph 17 of the Complaint and, basing their denial thereon, deny such allegations.

3

18. Answering Paragraph 18 of the Complaint, Defendants admit the allegations of Paragraph 18 of the Complaint.

19. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 18, inclusive, in response to the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 25, inclusive, in response to the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 32, inclusive, in response to the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 39, inclusive, in response to the allegations contained in Paragraph 40 of the Complaint.

4

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 47, inclusive, in response to the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 54, inclusive, in response to the allegations contained in Paragraph 55 of the Complaint.

56. Defendants lack sufficient information or belief concerning the allegations contained in Paragraph 56 of the Complaint and, basing their denial thereon, deny such allegations.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 61, inclusive, in response to the allegations contained in Paragraph 62 of the Complaint.

63. Defendants lack sufficient information or belief concerning the allegations contained in Paragraph 63 of the Complaint and, basing their denial thereon, deny such allegations.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

5

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 68, inclusive, in response to the allegations contained in Paragraph 69 of the Complaint.

70. Defendants lack sufficient information or belief concerning the allegations contained in Paragraph 70 of the Complaint and, basing their denial thereon, deny such allegations.

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 75, inclusive, in response to the allegations contained in Paragraph 76 of the Complaint.

77. Defendants lack sufficient information or belief concerning the allegations contained in Paragraph 77 of the Complaint and, basing their denial thereon, deny such allegations.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 82, inclusive, in response to the allegations contained in Paragraph 83 of the Complaint.

84. Defendants lack sufficient information or belief concerning the allegations contained in Paragraph 84 of the Complaint and, basing their denial thereon, deny such allegations.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint.

6

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 89, inclusive, in response to the allegations contained in Paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 93, inclusive, in response to the allegations contained in Paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97. Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 97, inclusive, in response to the allegations contained in Paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100. Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101. Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 101, inclusive, in response to the allegations contained in Paragraph 102 of the Complaint.

103. Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104. Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105. Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106. Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 106, inclusive, in response to the allegations contained in Paragraph 107 of the Complaint.

108. Defendants deny the allegations contained in Paragraph 108 of the Complaint.

Case: 13-05154    Doc# 62    Filed: 07/16/14    Entered: 07/16/14 16:24:44    Page 10 of 15

109. Defendants lack sufficient information or belief concerning the allegations contained in Paragraph 109 of the Complaint and, basing their denial thereon, deny such allegations.

110. Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111. Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112. Defendants incorporate herein by reference the allegations of their answers to Paragraphs 1 through 111, inclusive, in response to the allegations contained in Paragraph 111 of the Complaint.

113. Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114. Defendants deny the allegations contained in Paragraph 114 of the Complaint.

115. Defendants deny the allegations contained in Paragraph 115 of the Complaint.

116. Defendants deny the allegations contained in Paragraph 116 of the Complaint.

WHEREFORE, Defendants pray judgment as hereinafter set forth.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### [Failure to State a Claim]

The Complaint fails to state a claim upon which relief may be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE
### [No Actionable Claim Exists]

Defendants did not commit the acts complained of in the Complaint.

### THIRD AFFIRMATIVE DEFENSE
### [Estoppel]

Debtor is barred from relief by the equitable principles of promissory estoppel and equitable estoppel.

### FOURTH AFFIRMATIVE DEFENSE
### [Mistakes of Fact]

Debtor is barred from relief by mutual or unilateral mistakes of fact by Debtor and Defendants when entering into any purported agreement alleged in the Complaint between

8

Debtor and Defendants or taking any action or failing to take any action alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE
### [Statute of Frauds]

Debtor is barred from relief by reason of the statute of frauds, codified in part in California Civil Code section 1624 and California Code of Civil Procedure section 1971.

## SIXTH AFFIRMATIVE DEFENSE
### [No Improper Conversion of Chattel]

Debtor is barred from relief because Debtor was neither the owner, nor entitled to possession of the chattel, which is the subject of the Complaint, and there was no improper conversion of a chattel or money specifically designated for a particular purpose by Defendants.

## SEVENTH AFFIRMATIVE DEFENSE
### [Set-Off]

Debtor is barred from relief because of the principle of set-off.

## EIGHTH AFFIRMATIVE DEFENSE
### [Damages too Speculative]

Debtor is barred from relief because the damages sustained by Debtor, if any, are too speculative.

## NINTH AFFIRMATIVE DEFENSE
### [Waiver]

Debtor's Complaint is barred by the Doctrine of Waiver.

## TENTH AFFIRMATIVE DEFENSE
### [Accord and Satisfaction]

Debtor is barred from relief based on the principle of accord and satisfaction.

## ELEVENTH AFFIRMATIVE DEFENSE
### [Statute of Limitations]

Debtor's claims are barred by the applicable statutes of limitation.

9

DEFENDANTS' ANSWER AND THIRD PARTY CLAIMS

## TWELFTH AFFIRMATIVE DEFENSE
### [Failure to exhaust remedies]

Debtor failed to exhaust remedies provided by contract.

## THIRTEENTH AFFIRMATIVE DEFENSE
### [Consent]

Debtor consented to the acts complained of.

## FOURTEENTH AFFIRMATIVE DEFENSE
### [Failure to Mitigate]

Debtor failed to mitigate the amount of its damages. The damages claimed by Debtor could have been mitigated by due diligence on its part or by one acting under similar circumstances. The Debtor's failure to mitigate is a bar to its recovery under the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE
### [Additional Affirmative Defenses]

Defendants have insufficient knowledge or information upon which to form a belief as to whether they may have additional as yet unstated affirmative defenses available to them. Defendants therefore reserve the right to assert additional affirmative defenses in the event discovery indicates they are available.

WHEREFORE, Defendants pray judgment as hereinafter set forth.

## THIRD PARTY CLAIMS

Defendants and Third Party Claimants, for their third party claims against Third Party Defendants, Connard Cali and Conntechnical Industries, Inc., allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of the following third party claims pursuant to 28 U.S.C. § 1334.

2. The third party claims are brought pursuant to Rule 7014 of the Federal Rules of Bankruptcy Procedure.

10

3.  Venue is proper pursuant to 28 U.S.C. § 1409, inasmuch as the third party claims arise under and in connection with a case under the Bankruptcy Code which is pending in this District.

## PARTIES

4.  Defendants, Wayne K. Higashi, The Higashi Family Trust, Innovative Technologies Licensing and Management Corporation, Thomas L. Bahrick, Barry N. Young, Robert Marangell, Trustee for The Marangell Living Trust, Perisho Tombor Brown, PC, and Lanlogic, Inc., are listed as secured creditors of Debtor.

5.  Connard Cali ("Cali") is an individual who resides in this District.  Cali is a former employee of Debtor and is listed as a general unsecured creditor of Debtor.

6.  Conntechnical Industries, Inc. ("Conntechnical") is a California corporation having its principal place of business in this District.  Conntechnical is a member and is also listed as an unsecured creditor of Debtor.  Cali is the President of Conntechnical.

7.  Debtor was formed in or about July 2008 to develop and commercialize an "active" pulley to connect alternators to engine drive belts in automobiles and trucks.

8.  The "active" elements in the pulley design help reduce vibration and noises caused by the high inertia of alternator rotors interacting with the non-uniform speed of internal combustion engines.

9.  Debtor developed proprietary know-how regarding its unique technologies for the "active" pulley.

10.  Cali, the president of Conntechnical, was a co-founder and, prior to August 2010, was a principal of Debtor and was directly involved in the management of Debtor and intimately familiar with the operations of Debtor, having directed or participated in the inception of every process and procedure for Debtor.

11.  In 2008, Cali recruited Wayne K. Higashi to start up Debtor and serve as the Manager of Debtor.

12.  During the start-up of Debtor, Cali promoted his network of associates in Brazil, including a contract manufacturer named Rolm.  Cali obtained special concessions from Rolm including 270-day payment terms for the two most expensive components of the initial product of Debtor, a pulley developed for the automotive aftermarket.  By purchasing these components (the pulley body and shaft which together comprised more than half the cost of the final product)

11

through Cali's associates, Debtor planned to finance its growth using its accounts payable and bypass more expensive alternatives of raising equity capital.

13.    Debtor's plan to generate working capital through its accounts payable failed, because Cali's associates in Brazil did not deliver acceptable components for the timely production of pulleys against pending orders.  Within months, Debtor's payables to Cali's associates (through Conntechnical, whose credit was used to obtain the favorable terms) approached $250,000.

14.    With product deliveries delayed due to the poor quality of the components needed to produce Debtor's pulleys, Debtor was forced to abandon Cali's associates in favor of a more reliable source of component supply.

15.    In March 2011, Debtor obtained equity financing from outside investors in order to meet working capital requirements through July 2011, because Debtor's contract manufacturer, Automotive Import Manufacturing (AIM) had informed Debtor that it would discontinue royalty payments for four months to "work off excess inventory".

16.    In July 2011, AIM notified Debtor that it would not honor its temporary licensing agreement with Debtor but that it would continue supplying Debtor's customer, Motorcar Parts of America (MPA), without paying royalties to Debtor.

17.    In collaboration with Cali and/or Conntechnical, AIM misappropriated Debtor's engineering designs, production processes and procedures (and tooling designs) (collectively "Debtor's Proprietary Technology and Know-How"), as well as Debtor's suppliers and vendors, secure in their belief that Debtor could not afford to take legal action against them.

18.    Debtor filed for Chapter 11 Bankruptcy Protection because Cali, through Conntechnical, worked with its only customer, AIM, to put Debtor out of business by misappropriating Debtor's Proprietary Technology and Know-How, as well as Debtor's suppliers and vendors.

19.    Debtor's losses were proximately caused by the acts of Cali and/or Conntechnical. While Debtor has booked $1,734,000 in losses since its inception, $1,122,000 (66%) of the losses were recorded while Cali was actively participating in the management of Debtor prior to his resignation in August 2010.  The primary reason for Debtor's losses prior to Cali's departure was the defective product that was delivered by Debtor's Brazilian suppliers, Cali's family and personal contacts and thus Debtor's losses were primarily the result of Cali's actions, the result

12