1  **Peter C. Bronson, Cal. Bar No. 60669**
   **LAW OFFICES OF PETER C. BRONSON**
2  **A Professional Corporation**
   **770 L Street, Suite 950**
3  **Sacramento, California 95814**
   **Telephone:  (916) 444-1110**
4  **Facsimile:  (916) 361-6046**
5
   Special Counsel for Chapter 7 Trustee Fred Hjelmeset
6

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10  In re:                                      Case No. 11-60198 SLJ

11  CT DRIVES, LLC,                             Chapter 7

12
                         Debtor.                Adv. No. 13-05154
13

14  FRED HJELMESET, Chapter 7 Trustee,          **DECLARATION PETER C.**
                                                **BRONSON  IN SUPPORT OF**
15                       Plaintiff,             **PLAINTIFF'S EX PARTE MOTION**
                                                **FOR TEMPORARY RESTRAINING**
16       v.                                     **ORDER, AND MOTION FOR**
                                                **PRELIMINARY INJUNCTION**
17  WAYNE K. HIGASHI, individually and as Trustee of
    THE WAYNE K. HIGASHI TRUST and of THE
18  HIGASHI FAMILY TRUST, aka THE HIGASHI       Date:
    FAMILY REVISED TRUST, aka the 2010 HIGASHI  Time:
19  FAMILY TRUST; ROSE HIGASHI, individually and Place:      Courtroom 3099
20  as Trustee of THE HIGASHI FAMILY TRUST, aka              United States Courthouse
    THE HIGASHI FAMILY REVISED TRUST, aka the               280 South First Street
21  2010 HIGASHI FAMILY TRUST; INNOVATIVE                    San Jose, CA 95113
    TECHNOLOGIES LICENSING AND               Judge:       Hon. Stephen L. Johnson
22  MANAGEMENT CORPORATION, a California
    corporation, dba Epilogics, dba The Epilogics Group;
23  EPX, INC., a California corporation; ES DESIGN,
    LLC, a California limited liability company;  THOMAS
24  L. BAHRICK, an individual; BARRY N. YOUNG, an
    individual; ROBERT MARANGELL, an individual;
25  PERISHO TOMBOR BROWN, PC, a California
26  corporation; LANLOGIC, INC., a California
    corporation; and SPRULI, LLC, a California limited
27  liability company,
28                       Defendants.

P. BRONSON DECLARATION IN SUPPORT OF MOTION FOR TRO AND PRELIMINARY INJUNCTION

I, PETER C. BRONSON, declare:

1. I am an attorney at law, duly admitted to practice before this Court and all Courts of the State of California. Through my professional corporation, I am special counsel for Chapter 7 Trustee Fred Hjelmeset (the "Trustee"), the plaintiff in this adversary proceeding.

2. I have personal, first-hand knowledge of the truth of the entire contents of this Declaration, and I could and would competently so testify if called as a witness.

3. During the Chapter 11 phase of this case, my law firm represented creditor Conntechnical Industries, Inc. ("Conntechnical"). On behalf of Conntechnical, I asked William J. Healy, Esq. ("Healy"), then counsel for debtor CT Drives, LLC ("Debtor" or "CT Drives"), to produce Debtor's business records, including emails and other electronically stored information. In April 2012, Healy produced two boxes of documents, and a copy of its QuickBooks files, which contained its accounting records. Healy told me that no company records – either electronic or "hard copy" – existed that were not produced.

4. After this case was converted to one under Chapter 7, the Trustee obtained, by subpoena served on Union Bank, copies of statements for CT Drives' Union Bank accounts. The QuickBooks files and bank statements showed that on December 6, 2011 – shortly after the petition date – CT Drives purchased, with funds from its Debtor-in-Possession account at Union Bank, a subscription to "Live Office".

5. As counsel for the Trustee, I requested on November 20, 2013 that Lanlogic, Inc. ("Lanlogic"), Debtor's Internet service provider, turn over all property and assets of Debtor that were under Lanlogic's control. In response, I received a letter dated November 26, 2013 from Art Closson ("Closson"), the President of Lanlogic. A true copy of Closson's letter is attached hereto as Exhibit 1.

6. I subsequently received a December 17, 2013 letter from William C. Milks III, Esq. ("Milks"), counsel herein for all defendants, including Lanlogic. A true copy of Milks' letter is attached hereto as Exhibit 2.

/ / / / /

/ / / / /

1      I declare under penalty of perjury under the laws of the United States of America that the

2  foregoing is true and correct, and that this Declaration is executed February 27, 2015 at Sacramento,

3  California.

4

5  _____

6  PETER C. BRONSON

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case: 13-05154    Doc# 83    Filed: 02/27/15    Entered: 02/27/15 15:51:38    Page 3 of 11

# EXHIBIT 1



November 26, 2013

VIA EMAIL TO pbronson@pbronsonlaw.com AND FIRST CLASS MAIL

Peter C. Bronson
Law Offices of Peter C. Bronson
770 L Street, Suite 950
Sacramento, CA 95814

Subject:    Fred Hjelmeset v. Wayne K. Higashi, et al., Case No. 13-05154
            (United States Bankruptcy Court, Northern District of California)

Dear Mr. Bronson:

This is in response to your most recent letter dated November 20, 2013 regarding CT Drives, LLC. Your letter requests that all property and assets of CT Drives, LLC under the control of Lanlogic, Inc. be turned over to Mr. Fred Hjelmeset, the Trustee for CT Drives.

Lanlogic ceased to be the Internet Service Provider for CT Drives, LLC and Epilogics on May 27, 2013. Prior to that time CT Drives, LLC purchased two servers, one in 2004 and one in 2009 both of which we have in our possession which due to their age were planned to be scrapped. The machines are available for pickup.

Furthermore, pursuant to standard company policy for scrapped equipment, Lanlogic removed and destroyed the hard drives from the CT Drives, LLC servers when Lanlogic ceased to provide hosting services for CT Drives and Epilogics, and Lanlogic did not retain any "electronically stored information (including emails, digital records, QuickBooks files, data back-ups and archives) for CT Drives, LLC…maintained under the names ct-drives.com and epilogics.com." on the CT Drives servers.

On further investigation, the website for www.ct-drives.com is still active on one of our shared servers, but it is completely independent from the CT Drives, LLC servers. We will shut this site down today and make a copy of the data for the CT Drives, LLC website and forward it to you.

Additionally, Lanlogic did not receive any funds as an advance payment for hosting services provided to CT Drives, LLC. Therefore, Lanlogic holds no funds for unperformed services that were to have been provided to CT Drives, LLC.

Case: 13-05154   Doc# 83   Filed: 02/27/15   Entered: 02/27/15 15:51:58   Page 5 of
11

EXHIBIT 1 TO P. BRONSON DECLARATION

Finally, Lanlogic does not possess any CT Drives, LLC emails or data "handled or maintained through any other entity (including International [sic, Innovative] Technologies Licensing and Management Corporation dba Epilogics or The Epilogics Group, or ES Design, LLC)…relating to CT Drives, LLC."  Lanlogic has never provided hosting services to ES Design, LLC, and pursuant to standard company policy described above, Lanlogic retained no such emails or data of Innovative Technologies Licensing and Management Corporation following termination of hosting services for that entity on May 27, 2013.

I trust this response satisfactorily answers your inquiry.  If not, please contact my attorney William C. Milks, III, 960 San Antonio Road, Suite 200A, Palo Alto, CA  94303.


Very truly yours,

Lanlogic, Inc.

Art Closson
President

EXHIBIT 1 TO P. BRONSON DECLARATION

# **EXHIBIT 2**

# Law Offices of William C. Milks, III
## 960 San Antonio Road  Suite 200A
## Palo Alto, CA  94303
## Tel.:  (650) 930-6780
## Fax:  (650) 813-1805

December 17, 2013

**SENT VIA EMAIL TO pbronson@pbronsonlaw.com AND FIRST CLASS MAIL**

Peter C. Bronson
Law Offices of Peter C. Bronson
770 L Street, Suite 950
Sacramento, CA  95814

Subject:  Fred Hjelmeset v. Wayne K. Higashi, *et al.*, Case No. 13-05154
(United States Bankruptcy Court, Northern District of California)

Dear Mr. Bronson:

This is in response to your letters dated November 27, 2013 and December 11, 2013 regarding CT Drives, LLC.

<u>Response to Your November 27, 2013 Letter</u>

Your November 27, 2013 letter requests that Lanlogic, Inc. ("Lanlogic") not shut down the www.ct-drives.com website.  As a courtesy to the Trustee, Lanlogic agrees to maintain the www.ct-drives.com website currently running on a shared server that is the property of Lanlogic through December 31, 2013.  However, as of January 1, 2014, Lanlogic will shut that website down and make a copy of the data for the CT Drives, LLC website and forward it to you, unless the Trustee agrees to pay the ongoing charges by Lanlogic to continue to host that website.  Please let me know by December 27, 2013 if the Trustee wants to pay Lanlogic to continue to host the CT Drives, LLC website beyond December 31, 2013.  If I do not receive such a request by that date, the website will be shut down and the website data will be sent to you, unless you can provide authority that the Trustee has the right to require Lanlogic to continue to provide website hosting services to that bankrupt company at no charge.

Also, your November 27, 2013 letter further requests that Lanlogic forebear from "…deleting or destroying any data or other asset directly or indirectly relating to CT Drives, related entities (including Epilogics), or Wayne Higashi (individually or as an officer or manager of any entity), whether maintained on the CT Drives website or anyplace else, without the Trustee's express advance written authorization."  Mr. Closson's response letter dated November 26, 2013 clearly stated that Lanlogic no longer has any data that is the property of CT Drives, LLC or any related entity in its possession or under its control, and that two CT Drives email servers (which are the only property of CT Drives in its possession or under its control) are available for pickup from Lanlogic.  If the Trustee wants the two servers, please make arrangements for their pickup and notify me in advance of those arrangements by December 27, 2013.

<u>Response to Your December 11, 2013 Letter</u>

Your December 11, 2013 letter states "However, as of the November 26 date, the epilogics.com domain name was still being hosted by Lanlogic." While that statement is true, your statement is incorrect that "Therefore, all email to or from '@epilogics.com' addresses was still being administered by Lanlogic." The websites for www.ct-drives.com and www. epilogics.com were hosted on shared servers owned by Lanlogic separate from the email servers that handled email for CT Drives, LLC and Epilogics prior to May 27, 2013. As stated in Mr. Closson's response letter dated November 26, 2013, Lanlogic ceased to be the email service provider for CT Drives, LLC and Epilogics as of May 27, 2013. In fact, Mr. Closson's November 26, 2013 letter unequivocally stated:

> Furthermore, pursuant to standard company policy for scrapped equipment, Lanlogic removed and destroyed the hard drives from the CT Drives, LLC servers when Lanlogic ceased to provide hosting services for CT Drives and Epilogics, and Lanlogic did not retain any "electronically stored information (including emails, digital records, QuickBooks files, data back-ups and archives) for CT Drives, LLC…maintained under the names ct-drives.com and epilogics.com" on the CT Drives servers.

> Finally, Lanlogic does not possess any CT Drives, LLC emails or data "handled or maintained through any other entity (including International [*sic, Innovative*] Technologies Licensing and Management Corporation dba Epilogics or The Epilogics Group, or ES Design, LLC)…relating to CT Drives, LLC." Lanlogic has never provided hosting services to ES Design, LLC, and pursuant to standard company policy described above, Lanlogic retained no such emails or data of Innovative Technologies Licensing and Management Corporation following termination of hosting services for that entity on May 27, 2013.

Consequently, Lanlogic does not currently have any emails of CT Drives, LLC or Epilogics or related backups in its possession as you contend in your December 11, 2013 letter, because the email servers for those entities were decommissioned on May 27, 2013, and Lanlogic did not back up or otherwise archive emails for either of those entities. Furthermore, I am aware of no authority that supports your contention that any emails or other materials of Epilogics belong to the Trustee and therefore must be turned over to him.

Furthermore, as reiterated above, Lanlogic ceased to be the email service provider for CT Drives, LLC and Epilogics on May 27, 2013, and the email servers handling email for those entities were decommissioned. The hard drives were destroyed in accordance with standard company policy of Lanlogic, but the servers themselves (less hard drives) are available for pickup by the Trustee. Lanlogic provided notice of the intention to scrap the servers in Mr. Closson's November 26, 2013 letter. Lanlogic simply does not currently have in its possession or under its control any data of CT Drives, LLC or any archive of such data (other than the data for the www.ct-drives.com website on a shared server owned by Lanlogic) to turn over to the Trustee. Also, it is believed that all data of CT Drives, LLC that was in the possession or under

the control of Lanlogic was produced earlier in connection with the bankruptcy proceedings prior to decommissioning the CT Drives email servers.

Additionally, your contention that "All of CT Drives' emails are part of the @epilogics.com email records, and accessible on the Epilogics servers…" is incorrect. Nevertheless, as stated repeatedly above, the Epilogics email sever was decommissioned on May 27, 2013, and Lanlogic does not currently have any Epilogics or CT Drives, LLC emails or backups in its possession or under its control.

In view of the above, Lanlogic does not possess any CT Drives, LLC emails or data "handled or maintained through any other entity (including International [*sic, Innovative*] Technologies Licensing and Management Corporation dba Epilogics or The Epilogics Group, or ES Design, LLC)…relating to CT Drives, LLC" other than the www.ct-drives.com website data which will be turned over to the Trustee if you do not inform me by December 27, 2013 that the Trustee wants to pay the charges for Lanlogic to continue to host that website. Since Lanlogic does not currently possess or control access to any emails or other data of CT Drives, LLC, this confirms that Lanlogic will not provide access to or conceal, destroy or discard any emails or data of CT Drives without the Trustee's advance knowledge or consent.

Also, as Mr. Closson stated in his November 26, 2013 letter:

Additionally, Lanlogic did not receive any funds as an advance payment for hosting services provided to CT Drives, LLC. Therefore, Lanlogic holds no funds for unperformed services that were to have been provided to CT Drives, LLC.

Lanlogic holds no monies paid in advance by CT Drives, LLC for hosting services to turn over to the Trustee. Lanlogic has no record of any payment by CT Drives, LLC to prepay for hosting services which draws into question the contention in your December 11, 2013 letter that Lanlogic is indebted to CT Drives, LLC for at least $47,739.16 in prepayments for services not performed. If you have evidence to support your contention that CT Drives, LLC paid monies to Lanlogic as a prepayment for hosting services, please provide that evidence to me.

Finally, Mr. Higashi previously produced all property of CT Drives, LLC earlier during the bankruptcy proceedings. Also, the Trustee sent someone to meet with Mr. Higashi to inspect materials in his garage before Mr. Higashi moved to Hawaii, and any remaining materials that the Trustee's agent did not want were discarded. Therefore, Mr. Higashi no longer has any "assets, documents, emails, digital files or other data" that are the property of CT Drives, LLC in his possession or under his control that were not earlier produced during the bankruptcy proceedings.

Peter C. Bronson
Law Offices of Peter C. Bronson
December 17, 2013
Page 4

     I hope that this response satisfactorily addresses the matters in your November 27, 2013 and December 11, 2013 letters.  If you have any questions, please contact me at the address shown above.


     Yours truly,


     William C. Milks, III