Peter C. Bronson, Cal. Bar No. 60669
LAW OFFICES OF PETER C. BRONSON
A Professional Corporation
770 L Street, Suite 950
Sacramento, California 95814
Telephone: (916) 444-1110
Facsimile: (916) 361-6046

Special Counsel for Chapter 7 Trustee Fred Hjelmeset

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>CT DRIVES, LLC,<br><br>              Debtor. | Case No. 11-60198 SLJ<br><br>Chapter 7<br><br>Adv. No. 13-05154 |
| FRED HJELMESET, Chapter 7 Trustee,<br><br>              Plaintiff,<br><br>   v.<br><br>WAYNE K. HIGASHI, individually and as Trustee of THE WAYNE K. HIGASHI TRUST and of THE HIGASHI FAMILY TRUST, aka THE HIGASHI FAMILY REVISED TRUST, aka the 2010 HIGASHI FAMILY TRUST; ROSE HIGASHI, individually and as Trustee of THE HIGASHI FAMILY TRUST, aka THE HIGASHI FAMILY REVISED TRUST, aka the 2010 HIGASHI FAMILY TRUST; INNOVATIVE TECHNOLOGIES LICENSING AND MANAGEMENT CORPORATION, a California corporation, dba Epilogics, dba The Epilogics Group; EPX, INC., a California corporation; ES DESIGN, LLC, a California limited liability company; THOMAS L. BAHRICK, an individual; BARRY N. YOUNG, an individual; ROBERT MARANGELL, an individual; PERISHO TOMBOR BROWN, PC, a California corporation; LANLOGIC, INC., a California corporation; and SPRULI, LLC, a California limited liability company,<br><br>              Defendants. | **PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER, AND MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:<br>Time:<br>Place:   Courtroom 3099<br>           United States Courthouse<br>           280 South First Street<br>           San Jose, CA 95113<br>Judge:  Hon. Stephen L. Johnson |

Plaintiff Fred Hjelmeset, Chapter 7 Trustee (the "Trustee") hereby moves *ex parte* for issuance of a temporary restraining order to restrain (a) defendants Wayne K. Higashi ("Higashi"), individually and as Trustee of The Wayne K. Higashi Trust and of The Higashi Family Trust, aka The Higashi Family Revised Trust, aka the 2010 Higashi Family Trust; Rose Higashi, individually and as Trustee of The Higashi Family Trust, aka The Higashi Family Revised Trust, aka the 2010 Higashi Family Trust (each and all of the aforementioned defendants are sometimes referred to as the "Higashi Parties"; Innovative Technologies Licensing And Management Corporation, a California corporation, dba Epilogics, dba The Epilogics Group (collectively "ITLMC"), Lanlogic, Inc. ("Lanlogic") and Spruli, LLC ("Spruli") (all of the foregoing entities are sometimes referred to hereinafter as the "Responding Defendants"), (b) all persons and entities in active concert or participation with them or acting under their instruction, and (c) each and all of their respective agents, affiliates and representatives, from committing, causing, directing, facilitating, or aiding in the commission of, any of the following acts:

a. Destroying, concealing, removing, deleting, modifying, altering or damaging any writings or information (including, without limitation, emails, financial data, or other information maintained in electronic or on-line format) or other assets that are the property of, in the possession or under the control of, or otherwise refer or relate in any way to, CT Drives, ITLMC or Spruli;

b. Destroying, concealing, removing, deleting, modifying, altering or damaging any computer, server, hard drive, website, disc, or any writings or information maintained on line or through any "cloud" or back-up service; and

c. Transferring any assets or information of or relating to CT Drives or ITLMC without the advance and express written consent of the Trustee.

The Trustee also moves for issuance of a preliminary injunction to take effect at the time of expiration of the temporary restraining order and containing the same terms and conditions.

This motion is based on the accompanying Memorandum of Points and Authorities; the Declarations of Connard P. Cali and Peter C. Bronson; Plaintiff's Declaration Regarding Hearing of Ex Parte Application Without Notice; and such additional evidence and argument as may be

presented at the hearing on the motion.

The motion is made on the following grounds:

1. Although Higashi, Higashi's attorneys and Lanlogic have expressly represented that all assets, documents and electronically stored information of or relating to CT Drives has been either disclosed, turned over to the Trustee or destroyed, the Trustee has learned that there exists extensive electronic information (including emails), and computers, servers and/or discs containing undisclosed CT Drives documents and information.

2. By virtue of the misrepresentations made to the Trustee, there is a serious danger that if the Trustee were to give notice of this *ex parte* motion, documents and information, as well as assets of Debtor, would and could be destroyed or secreted by the Responding Defendants.

DATED: February 27, 2015　　　　　　　　Respectfully submitted,

        Peter C. Bronson
        LAW OFFICES OF PETER C. BRONSON
        A Professional Corporation

By: *Peter C. Bronson*
        Peter C. Bronson
        Special Counsel for Plaintiff
        Fred Hjelmeset, Chapter 7 Trustee