

Peter C. Bronson, Cal. Bar No. 60669
LAW OFFICES OF PETER C. BRONSON
A Professional Corporation
770 L Street, Suite 950
Sacramento, California 95814
Telephone: (916) 444-1110
Facsimile: (916) 361-6046

The following constitutes
the order of the court. Signed March 2, 2015

Stephen L. Johnson
U.S. Bankruptcy Judge

Special Counsel for Chapter 7 Trustee Fr_____

\* see changes below

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 11-60198 SLJ |
| CT DRIVES, LLC, | Chapter 7 |
| Debtor. | Adv. No. 13-05154 |
| FRED HJELMESET, Chapter 7 Trustee, | **TEMPORARY RESTRAINING ORDER** |
| Plaintiff, | |
| v. | Date:<br>Time: |
| WAYNE K. HIGASHI, individually and as Trustee of THE WAYNE K. HIGASHI TRUST and of THE HIGASHI FAMILY TRUST, aka THE HIGASHI FAMILY REVISED TRUST, aka the 2010 HIGASHI FAMILY TRUST; ROSE HIGASHI, individually and as Trustee of THE HIGASHI FAMILY TRUST, aka THE HIGASHI FAMILY REVISED TRUST, aka the 2010 HIGASHI FAMILY TRUST; INNOVATIVE TECHNOLOGIES LICENSING AND MANAGEMENT CORPORATION, a California corporation, dba Epilogics, dba The Epilogics Group; EPX, INC., a California corporation; ES DESIGN, LLC, a California limited liability company; THOMAS L. BAHRICK, an individual; BARRY N. YOUNG, an individual; ROBERT MARANGELL, an individual; PERISHO TOMBOR BROWN, PC, a California corporation; LANLOGIC, INC., a California corporation; and SPRULI, LLC, a California limited liability company, | Place: Courtroom 3099<br>      United States Courthouse<br>      280 South First Street<br>      San Jose, CA 95113<br>Judge: Hon. Stephen L. Johnson |
| Defendants. | |

~~The *ex parte* motion of plaintiff Fred Hjelmeset, Chapter 7 Trustee (the "Trustee") for issuance of a temporary restraining order (the "Motion") regularly came on for hearing on February ___, 2015 in this Court, the Honorable Stephen L. Johnson presiding. Peter C. Bronson of the Law Offices of Peter C. Bronson, a Professional Corporation, appeared on behalf of the Trustee. There were no other appearances.~~

The Court having read and considered the Motion, the documents filed by the Trustee in support of the Motion, and the argument of the Trustee's counsel, and good cause appearing,

IT IS HEREBY ORDERED as follows:

1. The Court finds that the requirements of Rule 65(b)(1)(A) of the Federal Rules of Civil Procedure ("F.R.C.P."), made applicable herein by Rule 7065 of the Federal Rules of Bankruptcy Procedure, are met, and that immediate and irreparable injury, loss or damage would result to the Trustee if notice of the Motion were given.

2. Defendants Wayne K. Higashi ("Higashi"), individually and as Trustee of The Wayne K. Higashi Trust and of The Higashi Family Trust, aka The Higashi Family Revised Trust, aka the 2010 Higashi Family Trust; Rose Higashi, individually and as Trustee of The Higashi Family Trust, aka The Higashi Family Revised Trust, aka the 2010 Higashi Family Trust (each and all of the aforementioned defendants are sometimes referred to as the "Higashi Parties"; Innovative Technologies Licensing And Management Corporation, a California corporation, dba Epilogics, dba The Epilogics Group (collectively "ITLMC"), Lanlogic, Inc. ("Lanlogic") and Spruli, LLC ("Spruli") (all of the foregoing entities are sometimes referred to hereinafter as the "Subject Defendants"), (b) all persons and entities who are in active concert or participation with them, and (c) each and all of their respective agents, affiliates and representatives, from committing, causing, directing, facilitating, or aiding in the commission of, any of the following acts:

   a. Destroying, concealing, removing, deleting, modifying, altering or damaging any writings or information (including, without limitation, emails, financial data, or other information maintained in electronic or on-line format) or other assets that are the property of, in the possession or under the control of, or otherwise refer or relate in any way to, CT Drives, ITLMC or Spruli;

TEMPORARY RESTRAINING ORDER

1

b. Destroying, concealing, removing, deleting, modifying, altering or damaging any computer, server, hard drive, website, disc, or any writings or information maintained on line or through any "cloud" or back-up service; and

c. Transferring any assets or information of or relating to CT Drives or ITLMC without the advance and express written consent of the Trustee.

3. By virtue of the fact that the principal purpose of this Order is to prevent the further destruction or concealment of assets of the estate and evidence relevant to this adversary proceeding, no security shall be required of the Trustee for purposes of this Order.

4. This Order shall expire on March 12, 2015, unless the parties stipulate or the Court orders that the Order remain in effect for a longer period.

5. ~~In view of the fact that this Order is issued essentially to prevent the destruction of evidence or the unauthorized transfer of assets of the estate, no security shall be required of the Trustee.~~ (This paragraph duplicates para. 3)

6. Pursuant to F.R.C.P. Rule 65(b), the Subject Defendants are hereby notified of their right to apply to this Court for modification or dissolution of this Order on two (2) days' notice or such shorter notice as the Court may allow.

7. Service of this Order on the attorneys of record herein for the Subject Defendants shall constitute actual notice pursuant to F.R.C.P. Rule 65(d)(2), and shall constitute adequate notice to bind said parties and all other persons who are in active concert or participation with any of said parties.

Issued this 2nd day of ~~February~~ March, 2015, at 1:00 p.m., at San Jose, California.

TEMPORARY RESTRAINING ORDER
2

Case: 13-05154    Doc# 87    Filed: 03/02/15    Entered: 03/02/15 13:43:12    Page 3 of 3