ORIGINAL


FILED
FEB - 1 2018
United States Bankruptcy Court
San Jose, California

William C. Milks, III (State Bar Number 114083)
Law Offices of William C. Milks, III
40 Main Street
Los Altos, CA 94022
Tel.: (650) 930-6780
Fax: (650) 949-0844
Email: bmilks@sbcglobal.net

Attorney for Defendant Robert Marangell

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| *In re* CT DRIVES, LLC,<br><br>　　Debtor.<br>_____<br>FRED HJELMESET, Chapter 7 Trustee,<br><br>　　Plaintiff,<br><br>vs.<br><br>WAYNE K. HIGASHI, individually and as Trustee of THE WAYNE K. HIGASHI TRUST and of THE HIGASHI FAMILY TRUST, aka THE HIGASHI FAMILY REVISED TRUST, aka the 2010 HIGASHI FAMILY TRUST; ROSE HIGASHI, individually and as Trustee of THE HIGASHI FAMILY TRUST, aka THE HIGASHI FAMILY REVISED TRUST, aka the 2010 HIGASHI FAMILY TRUST; INNOVATIVE TECHNOLOGIES LICENSING AND MANAGEMENT CORPORATION, a California corporation, dba Epilogics, dba The Epilogics Group; EPX, INC., a California corporation; ES DESIGN, LLC, a California limited liability company; THOMAS L. BAHRICK, an individual; BARRY N. YOUNG, an individual; ROBERT MARANGELL, an individual; PERISHO TOMBOR BROWN, PC, a California corporation; LANLOGIC, INC., a California corporation; and SPRULI, LLC, a California limited liability company,<br><br>　　Defendants. | Case No. 11-60198 SLJ<br><br>Chapter 7<br><br>Adversary No. 13-05154<br><br>**DEFENDANTS' TRIAL BRIEF** |

1

DEFENDANTS' TRIAL BRIEF

Adv. No. 13-05154

Case: 13-05154   Doc# 135   Filed: 02/01/18   Entered: 02/01/18 11:31:59   Page 1 of 6

Defendants hereby submit their Trial Brief pursuant to the Trial Scheduling Order entered June 28, 2017.[1]

Defendant Parties

Settlements have been reached between Plaintiff Trustee and Defendants Thomas L. Bahrick, Barry N. Young, Perisho Tombor Brown, PC, and Lanlogic, Inc.

EPX, Inc. was dissolved on December 30, 2010. ES Design, LLC and Spruli, LLC are suspended. These entities, as well as Innovative Technologies Licensing and Management Corporation, are currently unrepresented by counsel.

Wayne K. Hagashi has agreed to act at trial pro se to represent himself, individually and as Trustee of the Wayne K. Higashi Trust and of the Higashi Family Trust, aka The Higashi Family Revised Trust, aka The 2010 Higashi Family Trust.

Rose Higashi has agreed to act pro se as Trustee of the Higashi Family Trust, aka the Higashi Family Revised Trust, aka the 2010 Higashi Family Trust.[2]

Robert Marangell is represented by William C. Milks, III.

INTRODUCTION

The Complaint includes fifteen Claims for Relief.[3] Of these, the Sixth through Ninth and Thirteenth Claims for Relief under 11 U.S.C. §§ 544 and 548 are moot in view of the settlements noted above.

Mr. Higashi has denied the First Claim for Relief against him under 11 U.S.C. §§ 544 and 548 and Second Claim for Relief against him as Trustee of the Higashi Trusts under 11 U.S.C.

---

[1] At the Pre-Trial Conference on January 25, 2018, the Court extended the date for filing Trial Briefs from January 29, 2018 to February 1, 2018.
[2] Ms. Higashi has indicated that she does not intend to appear at trial.
[3] The Court ruled that California Civil Code §§ 3439.04 and 3439.05 are not at issue due to a failure to list these provisions in the Joint Pre-Trial Conference Statement. California Civil Code Section 3294 is not at issue for the same reason.

§§ 544 and 548. Mr. and Ms. Higashi have also denied the Fourteenth Claim for Relief for conversion. Additionally, Mr. Higashi has denied the Fifteenth Claim for Relief for breach of fiduciary duty.

Innovative Technologies Licensing and Management Corporation, EPX, Inc., ES Design, LLC, and Spruli, LLC have denied the Third, Fourth, Fifth, and Eleventh Claims for Relief, respectively, as well as the Ninth Claim for Relief, collectively, under 11 U.S.C. §§ 544 and 548.[4]

## THE ALLEGED TRANSFERS TO MARANGELL ARE NOT AVOIDABLE UNDER 11 U.S.C. §§ 544 AND 548

A. The Tenth Claim for Relief

The Tenth Claim for Relief in the Complaint reads:

**TENTH CLAIM FOR RELIEF**
**[Against Defendants W. Higashi and Marangell for Avoidance of Fraudulent Transfers (11 U.S.C. §§ 544 and 548; Cal. Civ. Code §§ 3439.04-.05)][5]**

83. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 82, inclusive, as though fully set forth herein.
84. Plaintiff is informed and believes that within four years prior to the Petition Date, W. Higashi caused Debtor to utilize the services of Marangell as a part-time bookkeeper; and that Debtor transferred to Marangell money and/or equity interests (the "Marangell Transfers") alleged to have a value of at least $480,000, ostensibly as compensation for the part-time bookkeeping services rendered over less than a one-year period.
85. The Marangell Transfers were made with actual intent to hinder, delay or defraud the Debtor's creditors.
86. The Marangell Transfers were made without the Debtor receiving a reasonably equivalent value in exchange.
87. At the time of the Marangell Transfers, Debtor and W. Higashi knew that Debtor would not have sufficient funds to pay all of its creditors.
88. The Marangell Transfers would have been avoidable under California Civil Code §§ 3439.04 and 3439.05 by the Debtor's creditors if the Debtor had not filed its Petition.[6]
89. The Marangell Transfers may be avoided under 11 U.S.C. §§ 544 and 548.

---

[4] In fact, the Trustee has waived the Ninth Claim for relief. *See*, Defendants' Trial Exhibit A.
[5] *See*, Footnote 3, *supra*.
[6] *Id.*

3

DEFENDANTS' TRIAL BRIEF                                                                 Adv. No. 13-05154
Case: 13-05154   Doc# 135   Filed: 02/01/18   Entered: 02/01/18 11:31:59   Page 3 of 6

B. The Debtor's Agreement with Marangell

The Debtor entered into an agreement with Marangell effective January 1, 2011(the "Marangell Agreement"), which was ten months prior to the Petition Date (November 1, 2011). *See*, Defendants' Trial Exhibit W.

Paragraph 3(b) of the Marangell Agreement reads, in part:

> (b) <u>Unvested and Vested Units</u>. As used below, the term "<u>Vesting Date</u>" means January 1, 2011. As of the Effective Date, 80,000 of the Units shall be Vested Units and 400,000 of the Units shall be Unvested Units. As long as the Consultant continues to be a Service Provider (as determined under paragraph 3(a) above), then an additional 50,000 of the Units shall become Vested Units at the end of each calendar quarter following the Vesting Date.

Marangell was a "Service Provider" under the Marangell Agreement from January 1, 2011 until October 31, 2011, when he resigned under Paragraph 3 of that agreement, which provides:

> 3. <u>CANCELLATION OF UNITS</u>. If Consultant ceases to be a "Service Provider" to the Company (as determined under paragraph 3(a) below), whether by reason of resignation, retirement, death, dismissal with or without cause, or any other reason, then all of the units that are Unvested Units as of the Termination Date shall be automatically canceled, on the terms and conditions set forth in this Section 3.

Because Marangell resigned on October 31, 2011, he was entitled to receive only the 80,000 units that were vested as of January 1, 2011 for his services between May 1, 2010 and December 31, 2010 plus 150,000 units over the period January 1, 2011 through September 30, 2011 for a total of 230,000 units. Marangell did not receive an additional 250,000 units as alleged by the Trustee.

Also, the 230,000 units that Mr. Marangell earned in exchange for his services under the Marangell Agreement were "profit interest units" pursuant to Paragraph 4 of the Marangell Agreement:

> 4. <u>TAX CONSEQUENCES</u>. The Company represents to the Consultant that the Company has determined, in good faith, that the Units represent only a profits interest in the Company and do not represent a capital interest and, accordingly, that the issuance of the Units to the Consultant will not result in the Consultant's recognition of taxable income.

Case: 13-05154    Doc# 135    Filed: 02/01/18    Entered: 02/01/18 11:31:59    Page 4 of 6

Hence, the "profit interest units" received by Marangell were not a voidable transfer under U.S.C. §§ 544 and 548, and certainly had a substantially lower value than units representing a capital interest in the Debtor, because the "profit interest units" would only result in income to Marangell if the Debtor were to become profitable, which did not occur.

Therefore, the Trustee cannot prove that Marangell received equity interests having a value of $480,000 as alleged.

Dated: February 1, 2018

*William C. Milks, III*
William C. Milks, III

# CERTIFICATE OF SERVICE

I declare under penalty of perjury that:

I am a citizen of the United States. My business address is 40 Main Street, Los Altos, CA 94022. I am employed in Santa Clara County where this service occurred. I am over the age of 18 years and not a party to the within action.

On February 1, 2018, I served the within:

**DEFENDANTS' TRIAL BRIEF**

on the following party(ies) in this action by email, addressed as follows:

Peter C. Bronson, Esq.　　　　　　　Counsel for Plaintiff Fred Hjelmeset, Chapter 7 Trustee
Law Offices of Peter C. Bronson
A Professional Corporation
770 L Street, Suite 950
Sacramento, CA 95814
pbronson@pbronsonlaw.com

Executed on February 1, 2018 at Los Altos, California.

　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ William C. Milks, III*
　　　　　　　　　　　　　　　　　　　　　　　　　　　William C. Milks, III