Peter C. Bronson, Cal. Bar No. 60669
LAW OFFICES OF PETER C. BRONSON
A Professional Corporation
770 L Street, Suite 950
Sacramento, California 95814
Telephone: (916) 444-1110
Facsimile: (916) 361-6046

Special Counsel for Plaintiff Fred Hjelmeset,
Chapter 7 Trustee

FILED

FEB - 9 2018

CLERK
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re*: | Case No. 11-60198 SLJ |
| CT DRIVES, LLC, | Chapter 7 |
| Debtor. | Adv. No. 13-05154 |
| FRED HJELMESET, Chapter 7 Trustee, | **PLAINTIFF'S RESPONSE TO DEFENDANT ROBERT MARANGELL'S MOTION IN LIMINE** |
| Plaintiff, | |
| v. | Trial: February 5-6 and 8-9, 2018 |
| WAYNE K. HIGASHI, etc., *et al*, | Time: 9:00 a.m. |
| Defendants. | Place: U.S. Courthouse<br>280 South First Street<br>San Jose, CA 95113 |
| | Judge: Hon. Stephen L. Johnson |

Plaintiff Fred Hjelmeset, Chapter 7 Trustee (the "Trustee") hereby responds as follows to "Defendants' [*sic*] Motion in Limine *re* Issues of Fact and Law Outside the Scope of the Joint Pre-Trial Conference Statement in Violation of the Court's June 28, 2017 Trial Scheduling Order" ("Marangell's Motion") filed by defendant Robert Marangell ("Marangell").

The Trustee only seeks relief against Marangell on the Tenth Claim for Relief in the Complaint, for fraudulent transfer. Marangell accuses the Trustee of trying to add a claim for common law fraud to the allegations of the Complaint in this adversary proceeding. According to Marangell's Motion, the Trustee has not met the requirements of Rule 9 of the Federal Rules of Civil

Procedure (made applicable herein by Fed. R. Bankr. P. 7009) that "fraud" claims be pleaded with particularity.

Marangell's Motion appears to reflect a fundamental misunderstanding of Bankruptcy Code Section 548(a)(1)(A) and fraudulent transfers. The Trustee does not sue "for fraud". Rather, the Trustee's Tenth Claim for Relief – the only Claim asserted against Marangell – seeks avoidance of fraudulent transfers. While Section 548(a)(1)(A) permits avoidance of a transfer made "with actual intent to hinder, delay, or defraud", this is not a "fraud" claim subject to the requirements of Fed. R. Civ. P. 9.

The Trustee's counsel has explained to Marangell's counsel that the Trustee does not seek relief against Marangell pursuant to any claim for relief other than the Tenth Claim; and that on the Tenth Claim, the Trustee only seeks recovery of the value, at the date of transfer, of shares and cash transferred to Marangell.

It is unclear what relief Marangell seeks by his Motion; but the Motion is without substantive merit and should be denied.

DATED: February 9, 2018

Respectfully submitted,

Peter C. Bronson
LAW OFFICES OF PETER C. BRONSON
A Professional Corporation

By /s/ Peter C. Bronson
Attorneys for Plaintiff Fred Hjelmeset, Chapter 7 Trustee