ORIGINAL

FILED
APR 5 – 2018
United States Bankruptcy Court
San Jose, California

1  William C. Milks, III (State Bar Number 114083)
2  Law Offices of William C. Milks, III
   40 Main Street
3  Los Altos, CA 94022
   Tel.: (650) 930-6780
4  Fax: (650) 949-0844
   Email: bmilks@sbcglobal.net
5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

*In re* CT DRIVES, LLC,

Debtor.

FRED HJELMESET, Chapter 7 Trustee,

Plaintiff,

vs.

WAYNE K. HIGASHI, individually and as Trustee of THE WAYNE K. HIGASHI TRUST and of THE HIGASHI FAMILY TRUST, aka THE HIGASHI FAMILY REVISED TRUST, aka the 2010 HIGASHI FAMILY TRUST; ROSE HIGASHI, individually and as Trustee of THE HIGASHI FAMILY TRUST, aka THE HIGASHI FAMILY REVISED TRUST, aka the 2010 HIGASHI FAMILY TRUST; INNOVATIVE TECHNOLOGIES LICENSING AND MANAGEMENT CORPORATION, a California corporation, dba Epilogics, dba The Epilogics Group; EPX, INC., a California corporation; ES DESIGN, LLC, a California limited liability company; THOMAS L. BAHRICK, an individual; BARRY N. YOUNG, an individual; ROBERT MARANGELL, an individual; PERISHO TOMBOR BROWN, PC, a California corporation; LANLOGIC, INC., a California corporation; and SPRULI, LLC, a California limited liability company,

Defendants.

Case No. 11-60198 SLJ

Chapter 7

Adversary No. 13-05154

**DEFENDANT WAYNE K. HIGASHI'S OBJECTION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S RESPONSE TO POST-TRIAL BRIEF OF DEFENDANT WAYNE K. HIGASHI**

1

DEFENDANT WAYNE K. HIGASHI'S OBJECTION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE   Adv. No. 13-05154

Pursuant to the prior authorization of the Court, the undersigned hereby submits Defendant Wayne K. Higashi's Objection to Plaintiff's Request for Judicial Notice in Support of Plaintiff's Response to Post-Trial Brief of Defendant Wayne K. Higashi.

**DEFENDANT WAYNE K. HIGASHI'S OBJECTION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S RESPONSE TO POST-TRIAL BRIEF OF DEFENDANT WAYNE K. HIGASHI**

**I. INTRODUCTION**

I, Wayne K. Higashi (hereinafter referred to as "Higashi") hereby object to "Plaintiff's Request for Judicial Notice in Support of Plaintiff's Response to Post-Trial Brief of Defendant Wayne K. Higashi" filed on March 28, 2018 (hereinafter referred to as "Plaintiff's Request for Judicial Notice"). Higashi respectively submits that Plaintiff's Request for Judicial Notice is untimely and was waived by the Trustee, as well as asks the Court to consider material that is irrelevant, lacks necessary probative value, and misrepresents the content of the material. Plaintiff's Request for Judicial Notice is also based on misguided assumptions.

Plaintiff's Request for Judicial Notice is no more than a last-ditch salvo in an orchestrated smear campaign by the Trustee against Higashi in view of his wife's website blog describing travels by the Higashis. The Trustee has always made unfounded general accusations of impropriety against Higashi in this case without presenting evidence to show that any of those accusations are true. The Trustee has clearly demonstrated that when you don't have the facts on your side, you argue the law, and when you don't have either the facts or the law on your side, you try to convince the Court to ignore the facts and the law and focus on "*ad hominem* attacks" on the other party and false claims to influence the Court to win your case. The Court should deny Plaintiff's Request for Judicial Notice as simply a belated attempt to consider irrelevant material, which is exacerbated by the fact that the Trustee has even misrepresented the content of that material to the Court.

**II. PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE OF THE "MY TEA PLANNER" BLOG IS UNTIMELY.**

Plaintiff's Request for Judicial Notice argues that the Court may take judicial notice at any stage of the proceeding, citing Fed. R. Evid. Rule 201(d). However, the Court will recall that the Trustee's Special Counsel, Peter C. Bronson, informed the Court about the "My Tea Planner" blog written by Higashi's wife, Rose Higashi, at the January 25, 2018 Pretrial

2

Case: 13-05154  DEFENDANT WAYNE K. HIGASHI'S OBJECTION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE  Page 2 of 6  13-05154
Filed: 04/05/18  Entered: 04/05/18 14:10:56

Conference.

It is undeniable that the Trustee had knowledge of the "My Tea Planner" blog before the trial began. If the Trustee considered the "My Tea Planner" blog merited consideration by the Court, he was required to have introduced the blog at the trial. Because the Trustee had knowledge of the blog prior to the trial, he should now be deemed to have waived making a request for judicial notice for the Court's consideration of the blog. Consequently, the Court should deny the Plaintiff's Request for Judicial Notice.

### III. PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE ADMITS THE UNTIMELINESS OF THE REQUEST.

Plaintiff's Request for Judicial Notice admits that the objective of the request is to impeach testimony of Higashi at the trial:

> "The purpose of this Request is to refute Higashi's testimony to the effect that he is retired without assets, and did not profit from operation of debtor CT Drives, LLC."

*See*, Plaintiff's Request for Judicial Notice at 2:3-4.

Because the Trustee indisputably had knowledge of the "My Tea Planner" blog at the time of the trial, he must have introduced the blog as an impeachment exhibit at the trial and questioned Higashi about the blog at that time. The Trustee's failure to do so is fatal to his belated request for judicial notice and should be deemed a waiver on the part of the Trustee.

### IV. THE "MY TEA PLANNER" BLOG IS NOT RELEVANT AND LACKS PROBATIVE VALUE.

Plaintiff's Request for Judicial Notice contends that the "My Tea Planner" blog is relevant for the reason that: "Specifically, the writings of Mrs. Higashi show that in the past two years, the Higashis have had sufficient income and/or holdings to permit them to have traveled extensively...." *See*, Plaintiff's Request for Judicial Notice at 2:4-6. However, Fed. R. Evid. Rule 401 reads:

> 401. Test for Relevant Evidence
>
> Evidence is relevant if:
>
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action.

3

The blog is not relevant. First, the "My Tea Planner" blog does not have the tendency to make any material issue of fact litigated at the trial more or less probable than it would without the blog. That is, the blog has no bearing on the Trustee's claims that avoidable transfers of CTD's assets were made to Higashi or for his benefit, because the blog bears no relation to the active decoupling pulley technology of the debtor CT Drives, LLC (hereinafter referred to as "CTD"). Second, Plaintiff's Request for Judicial Notice respecting the "My Tea Planner" blog is for posts between August, 2016 and March, 2018, which is more than three-and-a-half years after avoidable transfers of CTD's assets were claimed by the Trustee to have been made to Higashi. The blog does not have a nexus to the adversary proceeding either with respect to subject matter or time, because the blog relates to enjoying tea with food and was created years after CTD became defunct.

While Fed. R. Evid. Rule 608 permits a witness's credibility to be attacked, the "My Tea Planner" blog is written by Higashi's wife and therefore does not itself have a bearing on Higashi's credibility. Instead, the Trustee insinuates that the travels by the Higashis described in the blog would not have been possible but for Higashi having received avoidable transfers of CTD's assets. Here, the Trustee failed to demonstrate that the blog is probative, because the blog does not reference CTD or describe the cost of the Higashis' travels, much less a source of funds used to pay the travel costs. Hence, the blog, and certainly the inference to be drawn intended by Plaintiff's Request for Judicial Notice, is more prejudicial than probative and is overridden by the protection of Fed. R. Evid. Rule 403 requiring that the probative value not be outweighed by the danger of unfair prejudice or confusion of issues.

### V. THE TRUSTEE HAS MISREPRESENTED THE CONTENT OF THE "MY TEA PLANNER" BLOG.

"Plaintiff's Response to Post-Trial Brief of Wayne K. Higashi" filed on March 28, 2018, referenced in Plaintiff's Request for Judicial Notice, misrepresents to the Court that: "In Spring 2018, the Higashis flew to Miami, took a cruise from Miami to Cuba, and had an extensive tour of Cuban cities and attractions." *See*, Plaintiff's 03-28-2018 Response Brief at 3:2-5. It is simply untrue that the Higashis traveled to Cuba between March 21, 2018 and March 28, 2018 (the date of Plaintiff's 03-28-2018 Response Brief).[1]

---

[1] This misrepresentation appears to be intended to imply that the "My Tea Planner" blog only recently became known to the Trustee.

4

## VI. THE HIGASHIS' TRAVELS.

The motive of the Trustee in filing his belated Plaintiff's Request for Judicial Notice is shameful. Seizing a last-minute opportunity to besmirch Higashi and his wife, the Trustee argues that their travels described in the "My Tea Planner" blog written by Higashi's wife, Rose Higashi, are somehow related to the subject matter of this adversary proceeding or Higashi's credibility. Ms. Higashi responds to Plaintiff's Request for Judicial Notice, as follows:

> My husband and I are both exhausted and disgusted by the seven-year ordeal we have endured at the greedy hands of Fred Hjelmeset and Peter Bronson, who have accused my husband, Wayne Higashi, of stealing money from his own company, CT Drives with no evidence to support this claim. And finally, in their response to my husband's post-trial brief, they have the temerity to accuse us of living a "lavish lifestyle," apparently on the false and unsubstantiated assumption that our travel and our "oceanfront home," in fact a small rental, are supported by "his diversion of money and other assets."
>
> How could a licensed attorney reach such a ludicrous conclusion supported by no evidence whatsoever? Although he has accused my husband of making *ad hominem* attacks on the plaintiff, Mr. Bronson has done the same in accusing us of supporting our planned post-retirement travels with ill-gotten gains. The truth is that Wayne and I both worked for over forty years and saved money for our retirement. When Wayne co-founded Adaptec in 1982, he was fortunate to realize a substantial financial gain when the company went public. This money became our nest egg. I worked as an English professor in the San Jose Evergreen Community College District from 1970-2004 during which I established a 403b retirement account (later converted into an IRA). Upon retirement from teaching, I was immediately hired in a full-time position as a Lay Ecclesial Minister in the Diocese of San Jose where I worked for nine years. During this time, I paid into a Social Security Retirement Account.
>
> Wayne and I both love to travel, as we see travel as a form of continuing education. We had always planned to use our savings for travel when we retired. Now that we are in our seventies, our time to travel has come. We have no grandchildren, and our only child does not need an inheritance, so we are free to spend our savings as we wish. After my retirement, I wrote an extensive website entitled myteaplanner.com, which includes an entire book on Afternoon Tea from international and intercultural perspectives. The subtitle of this book is: "The Road Back to Civilization." My unifying theme is that understanding food, and the simple act of drinking tea, is a way of understanding people. My goal continues to be to help reduce the rampant racism and xenophobia in American culture by sharing the cultures, lifestyles and food of people from other countries and various regions. If Mr. Bronson and Mr. Hjelmeset had bothered to read my entire website: myteaplanner.com, and the monthly blogs I write to support this website, they would have noticed that all of my writings focus on shared human values through food and drinking tea, certainly not on supporting a "lavish lifestyle" for my husband and myself.
>
> Unfortunately, I became disabled shortly after my retirement, and Wayne and I made the

5

decision together to travel as much as possible now before my condition worsens when I may be unable to travel in the future. Furthermore, we have been forced to spend large sums of our earned savings to pay for lawyers and travel expenses in response to Mr. Bronson and Mr. Hjelmeset's frivolous lawsuit against my husband. We will never be able to purchase a home in the future when we will be too old or too disabled to travel, thus making my husband's "claim of poverty" neither "irrelevant nor false." Shame on Mr. Bronson and Mr. Hjelmeset for the shallow, mean-spirited and unfounded assumptions they have made about the life my husband and I share.

Ms. Higashi's response explains the source of the funds that the Higashis spent for travel was from earned savings and why they have prioritized spending on their travels, rather than conserving their savings for other purposes.

## VII. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Request for Judicial Notice.

Respectfully Submitted on Behalf of
Defendant Wayne K. Higashi, *pro se*

Dated: April 5, 2018

_____
William C. Milks, III