**Peter C. Bronson, Cal. Bar No. 60669**
**LAW OFFICES OF PETER C. BRONSON**
**A Professional Corporation**
**770 L Street, Suite 950**
**Sacramento, California 95814**
**Telephone: (916) 444-1110**
**Facsimile: (916) 361-6046**

Attorneys for Plaintiff and Movant
Fred Hjelmeset, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>CT DRIVES, LLC,<br><br>                Debtor. | Case No. 11-60198 SLJ<br><br>Chapter 7<br><br>Adv. No. 13-05154 |
| FRED HJELMESET, Chapter 7 Trustee,<br><br>                Plaintiff,<br>v.<br>WAYNE K. HIGASHI, etc., *et al.,*<br><br>                Defendants. | **PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**<br><br>**[Fed. R. Bankr. P. 9023]**<br><br>Date: September 4, 2018<br>Time: 1:30 p.m.<br>Place: Courtroom 3099<br>       United States Courthouse<br>       280 South First Street<br>       San Jose, CA 95113<br>Judge: Hon. Stephen L. Johnson |

Plaintiff Fred Hjelmeset, Chapter 7 Trustee (the "Trustee") hereby moves for an order amending or altering the Judgment entered herein on July 16, 2018, in the following respects:

(a) At the commencement of the first day of trial, February 5, 2018, the defaults of the following defendants were entered and their Answers were stricken: The Higashi Family Trust (the "Trust"), Innovative Technologies Licensing and Management Corporation, a California corporation, dba Epilogics, dba The Epilogics Group ("ITLMC"), ES Design, LLC ("ESD"), EPX, Inc. ("EPX")

and Spruli, LLC ("Spruli") (all of the foregoing entities are sometimes referred to hereinafter as the "Defaulted Defendants"). Thus, evidence of avoidable transfers to the Defaulted Defendants was undisputed, and each of said defendants should be held liable for the avoidable transfers established by the evidence, in the following amounts:

> EPX: $534,128.00
>
> ESD: $19,800.00
>
> ITLMC: $715,000.00
>
> EPX and ITLMC: $172,003.32

(b) The evidence showed that Higashi destroyed "hard copy" and computerized books and records of CT Drives without the knowledge or consent of the Trustee, and represented that the QuickBooks files produced by CT Drives represented the company's only books and records. Accordingly, Higashi should be held liable for the avoidable transfers memorialized in the QuickBooks files.

(c) Defendant Wayne K. Higashi ("Higashi") should be held liable for $620,920.00 in "undeposited funds" which were listed as assets in CT Drives' authenticated books and records.

The motion is made on the grounds that the evidence presented by the Trustee, and the lack of evidence from Higashi and the Defaulted Defendants, warrant modification of the Judgment as set forth above. The motion is made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, made applicable herein by Rule 9023 of the Federal Rules of Bankruptcy Procedure. It is based on the Memorandum of Points and Authorities filed herewith, and such additional evidence or argument as may be presented at the hearing on the motion.

DATED: July 30, 2018

Respectfully submitted,

Peter C. Bronson
LAW OFFICES OF PETER C. BRONSON
A Professional Corporation

By: *Peter C. Bronson*

Peter C. Bronson
Attorneys for Plaintiff Fred Hjelmeset,
Chapter 7 Trustee