Peter C. Bronson, Cal. Bar No. 60669
LAW OFFICES OF PETER C. BRONSON
A Professional Corporation
770 L Street, Suite 950
Sacramento, California 95814
Telephone: (916) 444-1110
Facsimile: (916) 361-6046

Attorneys for Plaintiff and Movant
Fred Hjelmeset, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>CT DRIVES, LLC,<br><br>　　　　　Debtor. | Case No. 11-60198 SLJ<br><br>Chapter 7<br><br>Adv. No. 13-05154 |
| FRED HJELMESET, Chapter 7 Trustee,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WAYNE K. HIGASHI, etc., *et al.*,<br><br>　　　　　Defendants. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**<br><br>**[Fed. R. Bankr. P. 9023]**<br><br>Date:　　September 4, 2018<br>Time:　　1:30 p.m.<br>Place:　　Courtroom 3099<br>　　　　　United States Courthouse<br>　　　　　280 South First Street<br>　　　　　San Jose, CA 95113<br>Judge:　　Hon. Stephen L. Johnson |

Plaintiff Fred Hjelmeset, Chapter 7 Trustee (the "Trustee") respectfully submits the following Memorandum of Points and Authorities in support of his Motion To Alter or Amend the Judgment entered herein on July 16, 2018 (the "Judgment").

## I. PRELIMINARY STATEMENT.

The Judgment provides that defendant Robert Marangell must return the sum of $40,000 fraudulently transferred to him by debtor CT Drives, LLC ("Debtor"); and that defendant Spruli, LLC ("Spruli") must return all assets obtained from Debtor. In denying the Trustee's claims against defendant Wayne K. Higashi ("Higashi"), the Court found that although Higashi had personally produced Debtor's QuickBooks records and authenticated them as Debtor's *only* extant books and records, he also testified at trial that he had maintained in his garage complete books and records, both on computers and in "hard copy" form, but that the Trustee had authorized their destruction. But there was *no evidence* that Higashi had ever disclosed to the Trustee that his garage contained any books and records, whether in computerized or "hard copy" form. The Trustee submits that, under such circumstances, the transfers to or for the benefit of Higashi as recorded in the QuickBooks records should be avoided, and the Judgment should be altered or amended to so provide.

At the commencement of trial, defaults of the following defendants were entered and their Answers were stricken: The Higashi Family Trust (the "Trust"), Innovative Technologies Licensing and Management Corporation, a California corporation, dba Epilogics, dba The Epilogics Group ("ITLMC"), ES Design, LLC ("ESD"), EPX, Inc. ("EPX") and Spruli, LLC ("Spruli") (all of the foregoing entities are sometimes referred to hereinafter as the "Defaulted Defendants"). The Trustee submits that by virtue of these defaults, the evidence of avoidable transfers to the Defaulted Defendants was undisputed, and each of said defendants should be held liable for the avoidable transfers established by the evidence.

Finally: The authenticated QuickBooks records established, without dispute, that Debtor listed as an asset the sum of $620,920.00, characterized as "undeposited funds". There was no evidence to show any disposition of those funds, and it was undisputed that the funds were not in the possession of Debtor or its estate. The only logical inference is that the funds were taken by Higashi or otherwise disposed of for his benefit.

/ / / / /

/ / / / /

/ / / / /

## II. LEGAL ARGUMENT

**A. Introduction.**

The Court may alter or amend the Judgment to the extent it reflects clear error or is manifestly unjust. Fed. R. Civ. P. 59(e), made applicable herein by Fed. R. Bankr. P. 9023; *see, e.g., Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). The Trustee submits that alteration or amendment of the Judgment is required, based on the evidence admitted.

**B. The Evidence of Transfers to the Defaulted Defendants Was Undisputed, and Required Entry of Judgment As to Those Transfers.**

Debtor's QuickBooks records [Plaintiff's Exh. 1] were identified and authenticated by Higashi as the only extant financial records of the company. Accordingly, they were properly admitted in evidence as business records pursuant to Rule 803(6) of the Federal Rules of Evidence. The Defaulted Defendants did not appear at trial and did not offer any evidence to contradict the records. As the Trustee explained in his Opening Post-Trial Brief, the records established, *inter alia*, the following avoidable transfers to the Defaulted Defendants:

- EPX: $534,128.00
- ESD: $19,800.00
- ITLMC: $715,000.00[1]
- EPX and ITLMC collectively: $172,003.32
- The Trust: $225,000.00

The Trustee submits that the indicia of fraud were established as to these transfers, because (a) the transfers were *prima facie* improper; (b) no contrary evidence was presented by the Defaulted Defendants; and (c) Higashi conceded the accuracy of the QuickBooks data that showed that CT Drives was continuously insolvent throughout its four-year existence.

Further, the fact that proofs of claim totaling more than $3,000,000 were filed in Debtor's case evidences that there were both existing and future creditors at the time the subject transfers were made. The *prima facie* evidence presented by the Trustee shifted the burden of proof on these issues to the

---

[1] This amount represents the difference between the $895,000.00 in gross payments made to ITLMC less the $180,000.00 which ITLMC was shown to have billed to Debtor for ITLMC's services.

Defaulted Defendants.

The Trustee respectfully submits that the foregoing sums should be awarded against the Defaulted Defendants as indicated.

## C. Because Higashi Destroyed or Secreted Both Paper and Computerized Copies of Debtor's Books and Records, He Failed To Refute the QuickBooks Records.

Higashi testified that upon conversion of this case to Chapter 7, the Trustee authorized him to destroy the financial books and records of the Debtor. But there was no evidence that Higashi told the Trustee that there were books and records of the Debtor in his garage, or anything else but useless scrap. Indeed, in emails shortly after the conversion to the Trustee and his general counsel, Reidun Stromsheim, both Higashi and Debtor's Chapter 11 counsel, William Healy, Esq., purported to list all the items contained in Higashi's garage, and none of those lists included any financial records of the Debtor, or any computers (except a "test computer"). [*See* Plaintiff's Exhs. 71 and 72.]

Further, given the need for the newly appointed Chapter 7 Trustee to preserve the Debtor's books and records for tax, administrative and other purposes, it is clear that the Trustee would not have knowingly authorized or countenanced the wholesale destruction of the company's records. The uncontroverted evidence is that Higashi produced the QuickBooks records through April 25, 2012; and represented that they were the only existing books and records of the Debtor. Higashi testified at trial that the only two places where financial transactions of the Debtor were recorded were its QuickBooks ledgers [Exh. 1] and its Union Bank statements [Exh. 3]. Further, the evidence was uncontradicted that Debtor failed to produce any books and records for any period *after* April 25, 2012.

Moreover, the Debtor's Operating Agreement required that the books and records be maintained by the company's Chief Financial Officer. The Debtor was obligated not to capriciously destroy its own books and records, especially with a Chapter 7 Trustee having just been appointed. [Operating Agreement, Exh. 73, at § 7.15(h).]

By virtue of these facts, the Trustee submits that Higashi's liability was established as to the transfers set forth in the Trustee's Opening Post-Trial Brief at Sections II(B), (F), (J), (L), (M), (P) and (Q), totaling $889,342.17.

**D. Higashi Failed To Account for $620,920.00 Cash Scheduled as an Asset, and Should Reimburse the Estate.**

It was uncontradicted that in its the authenticated QuickBooks ledgers, Debtor listed *as an asset* the sum of $620,920.00, characterized as "undeposited funds". Higashi acknowledged the ledger entry but could not explain it.

There was no evidence, in bank statements [Exh. 3] or anywhere else, to show any disposition of those funds, and it was undisputed that the funds were not in the possession of Debtor or its estate at the time of conversion to Chapter 7. The only logical inference is that the funds were taken by Higashi (Debtor's principal) or otherwise disposed of for his benefit. Higashi should be required to reimburse the estate for the $620,920 in "undeposited funds".

### III. CONCLUSION

The Trustee respectfully requests that the Judgment be altered and/or amended to reflect the transfers to the Defaulted Defendants and Higashi as set forth hereinabove.

DATED: July 30, 2018

Respectfully submitted,

Peter C. Bronson
LAW OFFICES OF PETER C. BRONSON
A Professional Corporation

By: *Peter C. Bronson*

Peter C. Bronson
Attorneys for Plaintiff Fred Hjelmeset,
Chapter 7 Trustee